STATE of Missouri, Respondent,

v.

John MOSS, Appellant.

No. WD32052.

Missouri Court of Appeals,
Western District.

Jan. 19, 1982.

James W. Fletcher, Public Defender,
Gary L. Gardner, Asst. Public Defender,
Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City,
Philip M. Koppe, Asst. Atty. Gen., Kansas
City, for respondent.

Before KENNEDY, P. J., and SHAN-
GLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Defendant appeals from his conviction
for assault in the first degree. We affirm.

The jury could reasonably find the facts as follows. Defendant and several women had lived with Walter P. Shultz, Jr., in Shultz's apartment for a period of approximately one week prior to June 17, 1979. Defendant found some of his money missing. On the night of June 16, Shultz had stayed at the residence of his friend Donald Hall, and defendant went to see Shultz there at about 4:00 a. m. on June 17. Shultz shouted that he was sleeping and that defendant should come back later.

Later that morning defendant together with Donna Brown went to Shultz's apartment where they confronted Shultz's girlfriend Julie Lovelady. Defendant demanded his money, and when Julie denied any knowledge of it, Donna slapped her against the wall, inflicting a bloody nose. Defendant then commenced beating Julie with a broomstick. He demanded that she take off her clothes and he proceeded to stick the broomstick "up her rear and her vagina." After a while, defendant instructed Julie to get dressed so that they could go get Shultz.

Defendant, with a group of others, then left Shultz's apartment and went again to Hall's residence. Defendant called Shultz out, and when he came to the car he was directed toward the front seat where he sat next to the driver. A man (as to whom each witness in this case disclaimed knowledge respecting name or identity) then got into the front seat next to the door on the passenger side, thus wedging Shultz between him and the driver.

When the car started off, defendant who was sitting in the back seat began demanding his money from Shultz, at the same time displaying a revolver. Shultz denied knowledge of the missing money, and defendant threatened to kill him. Shultz then said that although he did not have defendant's money, he would get some money, but defendant nevertheless shot Shultz in the back. The unknown man (referred to in the record as "Mr. X") immediately exclaimed "He's dead. You killed him. He's dead."

Shultz slumped down in the seat, pretending to be dead. The car came to a stop, Mr. X opened the door and ran off. At that point Shultz rolled out of the car and managed to make good his escape.

■ For his first point on appeal, defendant complains that the evidence of his assault upon Julie Lovelady pertained to a different crime, not charged in the indictment here, and that the introduction of this evidence of another crime was prejudicial to him. Defendant had raised this objection by a preliminary motion in limine which had been overruled. The objection was not renewed at the time the evidence of the Lovelady assault was introduced at trial. In the absence of a renewal of the objection when the evidence in question was offered, the point has not been preserved for appellate review. *State v. Hurst,* 612 S.W.2d 846 (Mo.App.1981); *State v. Foster,* 608 S.W.2d 476 (Mo.App.1980); *State v. Jackson,* 627 S.W.2d 880 (Mo.App.1981). Nevertheless, this point will be considered as a matter of grace.

■■ The rule is that evidence showing a separate crime not charged may nevertheless be introduced if that evidence tends to establish with respect to the offense presently on trial motive, intent, absence of mistake or accident, common scheme or plan, or identity of the person charged. *State v. Mitchell,* 491 S.W.2d 292 (Mo.banc 1973); *State v. White,* 621 S.W.2d 287 (Mo. 1981); *State v. Barnett,* 611 S.W.2d 339 (Mo.App.1981); *State v. Foster, supra.* In the present case, evidence of the Lovelady assault tended to show defendant's purpose and motive and a common plan to get his missing money back from whoever had it, either Shultz or Lovelady, using whatever force was necessary. Defendant's first point is denied.

■■ Defendant's next point is that the testimony of Mr. X's exclamation should not have been received in evidence, on the ground that this testimony was hearsay. However one of the well-recognized exceptions to the hearsay rule is an "excited utterance." *State v. White, supra; State v.*

*Rogers,* 585 S.W.2d 498 (Mo.App.1979); *State v. Webb,* 583 S.W.2d 536 (Mo.App. 1979). The facts of the present case fit easily within that exception.

■ With respect to this same matter, defendant complains about his inability to confront Mr. X, which he argues to be a violation of his Sixth Amendment rights. However if evidence is within one of the recognized exceptions to the hearsay rule, the reception of that evidence does not violate the Sixth Amendment. *State v. White, supra.*

■ Defendant argues still further that this evidence should not have been received because there was no showing by the state of unavailability on the part of Mr. X. In view of the inability of any witness to identify this mysterious person, that fact would seem to establish his unavailability. However that may be, the state was under no obligation to make any showing of unavailability. As stated in 2 Jones On Evidence (6th Ed. 1972), Sec. 10:1, p. 255: "There is no requirement that the declarant be unavailable for the admission of a spontaneous statement as the out-of-court assertion is more likely to be better evidence than that which may be obtained from the declarant on the witness stand." Defendant's second point is disallowed.

There being no error, the judgment is affirmed.

All concur.