**STATE of Missouri, Respondent,**

v.

**John MOSS, Appellant.**

**No. WD 32484.**

Missouri Court of Appeals,
Western District.

July 20, 1982.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Aschroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C. J., WASSER-STROM, J., and MOORE, Senior Judge.

JAMES A. MOORE, Senior Judge.

Appellant was convicted of assault in the first degree and sentenced to ten years imprisonment. He appropriately appeals to this court.

We affirm.

The sole contention of appellant is that the trial court erred in admitting evidence that appellant shot one Perry Schulz (not the victim of the charged assault) because such evidence was evidence that appellant had committed another crime. The sufficiency of the state's case is not questioned. There is no need to relate the facts except as they bear upon the issue of admissibility of evidence.

On June 16, 1979, appellant was staying at the apartment of Walter "Perry" Schulz, who lived with the victim. The victim returned to the apartment the night of June 16th and found appellant, Anna Prince and Donna Brown at the apartment. Appellant asked the victim if she had taken some money from him, and she denied it. Donna Brown walked up to the victim and slapped her in the face. Ten dollars was then taken from the victim. Appellant then got a broomstick and began hitting the victim with it. Donna Brown testified that appellant made the victim undress and pushed the broomstick up the victim's vagina and rectum. The victim testified that appellant made her take off her pants and beat her buttocks with the broomstick. Appellant then hit the victim with the broomstick some more.

Appellant then had the victim accompany him and the others to find Walter Schulz.

The appellant found Schulz and had him get in the car. Appellant then asked Schulz for his money, and Schulz stated there was no problem and that he could get some money. Appellant then shot Schulz in his back. When the car was stopped and the car door opened, Schulz jumped out of the car and ran. Appellant went to chase Schulz but returned to his brother's apartment, where the victim had been taken by Donna Brown, and said he could not catch Schulz. The victim testified that appellant stated that he had shot and killed Schulz. Appellant then said, "Let's go" and pushed the victim down the stairs. They again got into appellant's car and drove to an empty lot. Appellant knocked the victim down with a stick and beat her until she was bloody. The appellant said, "The bitch is dead" and left. The victim was found with a broken jaw, missing teeth, her eyes swollen shut and cuts and scrapes covering her face. The victim was hospitalized for seven days, three of which were in intensive care.

There is no doubt but what reference to commission of another crime is generally forbidden. Counsel for appellant commendably cites only three cases as authority for this well established rule. Appellant, through his counsel, does recognize exceptions to the general rule. He details several bases for evidence of another crime to establish appellant's guilt of the particular crime for which he is on trial.

■ A legitimate tendency to establish guilt of the crime at bar exists when proof of the separate and distinct crime tends to establish one of the following: (a) motive, (b) intent, (c) absence of mistake or accident, (d) a common plan or scheme embracing the commission of two or more crimes so related to one another that proof of one tends to establish the other, and (e) the identity of the person charged with the commission of the crime on trial.

■ The state joins in support of the exception as to evidence tending "to prove among other things, intent, motive or a common scheme and plan." It argues that it is clear that appellant's actions on that evening were part of a single plan to use brutality to get money from the victim and

Walter Schulz, and, if that failed, to kill both individuals in retaliation and to make sure that no witnesses to his actions remained. All of appellant's actions that night were directed towards one single goal—to recover money appellant thought had been taken from him by this couple. Appellant committed a number of crimes in attempting to achieve this one goal. "In such circumstances the state is not required to nicely sift and separate the evidence and exclude the testimony tending to prove the crime for which the accused is not on trial when it forms a part of the 'res gestae' of the crime charged." *State v. Cox*, 508 S.W.2d 716, 723[9] (Mo.App.1974); *State v. Dalton*, 587 S.W.2d 644, 645[1] (Mo.App. 1979); and *State v. Wilson*, 320 S.W.2d 525, 527–528[1–2] (Mo. 1959). We agree that evidence of the commission of another crime or other crimes performed a proper and legitimate office here and that the prosecution should not be required to "nicely sift". Appellant made the facts, not the state.

"We have heard this song before." Appellant raised the same point in another appeal arising out of the same set of facts. The result was the same. *State v. Moss*, 627 S.W.2d 667 (Mo.App.1982).

The judgment is affirmed.

All concur.