**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**David Carlton WHITE,
Defendant-Appellant.**

**No. 12721.**

Missouri Court of Appeals,
Southern District,
Division One.

June 17, 1983.

Motion for Rehearing or to Transfer to Supreme Court Denied July 13, 1983.

Application to Transfer Denied
Aug. 16, 1983.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Debra S. Hans, Asst. Public Defender, Springfield, for defendant-appellant.

GREENE, Chief Judge.

Defendant, David Carlton White, was jury-convicted and sentenced to twenty years' imprisonment for the crime of robbery in the first degree.

The evidence in the record tending to prove White's guilt is that on the evening of July 8, 1981, White and a companion named Tucker went to the home of Oris Flynn. Flynn, an 80-year-old man suffering from physical disabilities, lived "approximately, roughly, two miles" from Thayer, Missouri.[1] Mary Presley, Flynn's friend and housekeeper, and Flynn were in the home at the time. White drew a pistol, pointed it at Mrs. Presley and made her "[e]mpty your purse in the floor." White then pointed the pistol at Flynn and threatened "to kill him if he didn't give him the money." When Flynn balked, White pistol-whipped him severely. Flynn finally produced his wallet, and Tucker, who was standing by, took approximately $200 from the wallet. White and Tucker then bound Flynn and Ms. Presley, Tucker "pulled the phone out", and the two men fled the scene. Ms. Presley worked herself free from her bonds, walked to a neighbor's home and called the Thayer Police Department. A Thayer police officer came to the Flynn home and investigated the robbery.

Later that same evening, White and Tucker appeared at the home of Lawrence and Frank Sisco in Alton, Missouri.[2] The Siscos were robbed at pistol point of $46–47. White struck Frank Sisco on the head with a gun, the Sisco brothers were tied up, and White and Tucker left the scene. The duo was tracked down by dogs and apprehended the next morning in a wooded area near Winona, Missouri, approximately fifty miles northeast of Thayer on Highway 19. White was charged with first degree robbery in Oregon County and the case was transferred to Greene County for trial on change of venue.

In his appeal, White first contends that the evidence was insufficient to sustain the verdict in that, among other reasons, venue was never proved. The evidence was sufficient to sustain the conviction. In regard to the complaint of improper venue, evidently on the theory that there was no direct evidence that Mr. Flynn's home was in Oregon County, Missouri, White did not complain before or during trial that Oregon County, and subsequently Greene County after the change of venue, was not the proper venue. The issue was raised for the first time in defendant's motion for new trial. Having proceeded to trial without objection to venue, White waived the issue. *State v. Wood,* 596 S.W.2d 394, 401 (Mo. banc 1980) cert. denied, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98.

White's second point is that the trial court erred in permitting state's witness Gary Rutherford to testify because "... such testimony was inadmissible as hearsay." The point preserves nothing for review as it does not state "wherein and why" the trial judge erred. Rule 30.06(d).[3] Even if it did, the point has no merit. At trial, Rutherford, a former Oregon County deputy sheriff, testified as to certain statements made by Flynn at the preliminary hearing in identifying White as one of the robbers. Defendant was present at the preliminary hearing and had the right to confront and cross-examine Flynn. Flynn died prior to trial. Rutherford's testimony was admissible. *State v. Phillips,* 511 S.W.2d 841, 845–848 (Mo.1974).

---

1. We take judicial notice that Thayer, Missouri is in Oregon County.

2. We judicially note that Alton is in Oregon County, and is located approximately 16 miles northeast of Thayer, Missouri on Highway 19.

3. All rules are Missouri Rules of Court, V.A. M.R.

Defendant's next point is that the trial court erred in permitting state's witness Lawrence Sisco to testify, alleging that Sisco's testimony concerned a crime other than the one with which he was charged. Contrary to the assertions in White's brief, Sisco identified pictures of White (Exhibit 4) and Tucker (Exhibit 7A) as the men who robbed him and his brother within a few hours after the Flynn-Presley robbery. The modus operandi was similar in both cases, and the two robberies were related in time and space. The evidence tended to establish a common scheme of White and his companion to assault and rob persons in the Oregon County area on the night in question as well as to establish their identity. As such, the testimony was admissible. *State v. Moss,* 627 S.W.2d 667, 668 (Mo.App. 1982). The point is denied.

White's fourth point is that the trial court erred "... in permitting the prosecuting attorney to bring a pistol before the jury because weapons not connected to the defendant or the crime are not admissible unless they contain some probative value." The prosecuting attorney showed witnesses Presley and Lawrence Sisco a pistol (Exhibit 1). Both witnesses stated the pistol looked like the gun held by White during the robberies. While the prosecutor did not seek to have the pistol introduced as physical evidence, we cannot say that White was prejudiced by the display. The questions to Ms. Presley and Sisco, coupled with showing them the pistol, had probative value on the issue of whether Flynn and Ms. Presley were robbed by means of a dangerous and deadly weapon. The point is denied.

White's last point claims trial court error in the giving of Instruction No. 6 (verdict director) because "... said instruction was in violation of Supreme Court Rule 28.02(e)." The point as written preserves nothing for review, as it does not state why the giving of the instruction was error. Rule 30.06(d). The point is denied.

A full review of the record discloses no prejudicial error. Judgment affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.