STATE of Missouri, Respondent,

v.

Steven Michael DOUTHIT, Appellant.

Steven Michael DOUTHIT, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60563, 62227.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 2, 1993.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Steven Michael Douthit, appeals his jury conviction in the Circuit Court of Cape Girardeau County, of first degree robbery, RSMo § 569.020 (1986), and armed criminal action, RSMo § 571.015 (Supp.1989), for which he was sentenced to ten and fifteen years' imprisonment, respectively. Appellant also appeals the denial of his Rule 29.15 motion without a hearing. We affirm.

On January 17, 1991, the Bonanza Restaurant at 45 S. Kingshighway in Cape Girardeau closed at 9:00 p.m. At approximately 9:45 p.m., appellant, a former employee of the restaurant, entered through the back door with another man. Appellant had a mask over his face and carried a shotgun.

Appellant ordered all of the employees into a hallway, and then instructed Assistant Manager Dave Sides to get the cash drawer out of the office. Sides complied and gave the money to appellant. Appellant was convinced the restaurant had more money, however, so he accompanied Sides into the office once again. Appellant had Sides check the floor safe and a desk drawer, but they found nothing. Sides explained to appellant it had been a slow night, but appellant threatened to shoot people if anyone was hiding money. Eventually, appellant and his accomplice herded everyone into a bathroom. The robbers then left the restaurant.

At about 9:55 p.m., an employee of a nearby Schnucks market saw two black males run from the Bonanza Restaurant, get into a black Audi 5000, and drive away. Though the method is unclear from the record, it appears the police were able to trace the black Audi to appellant and his girlfriend, Ms. Dealia Campbell, both of 1000 S. Ellis.

Acting on the above information, Officer Russ Sargent of the Cape Girardeau Police Department came to 1000 S. Ellis to wait for the black Audi to arrive. At 10:37 p.m., the black Audi pulled up carrying Ms. Dealia Campbell and her sister, Ms. Rosemary Campbell, as well as their two boyfriends, appellant and his brother James Douthit.

Officer Sargent ordered all four out of the car and arrested the two men.

Officer Dennis Horn, who arrived on the scene a bit later, searched the car. He found a gun part, called a "carrier dog," in the back seat. The carrier dog was from either a Remington 870 pump action shotgun, or a Remington 1100 semi-automatic shotgun.

Appellant was charged by information on February 27, 1991, with first degree robbery and armed criminal action. The cause was tried to a jury on May 29, 1991. At trial, appellant objected to the admission of the carrier dog. Appellant claimed the police had neither probable cause nor permission to search the car. The court ruled that the scope of the search was too broad, but because appellant did not own the car and was not driving, he had no legitimate expectation of privacy. The court further ruled that appellant lacked standing to challenge the search because he did not own the car.

After presentation of witnesses (including appellant) and arguments of counsel, the jury found appellant guilty as charged. The court sentenced him to ten years' imprisonment on the robbery count, and fifteen years on the armed criminal action count. On November 4, 1991, appellant filed a Rule 29.15 motion for post-conviction relief. Appellant's counsel filed an amended motion on January 10, 1992. The court overruled appellant's motion without an evidentiary hearing on April 30, 1992. This appeal ensued.

For his first point, appellant alleges the trial court erred by admitting the carrier dog into evidence and allowing it to be used in a demonstration with a Remington 870 pump-action shotgun. We disagree.

At trial, appellant objected to the carrier dog admission on relevancy grounds. This contention is clearly meritless. The trial court has broad discretion regarding the admissibility of evidence and its ruling will not be disturbed absent a showing of abuse of that discretion. *Oldaker v. Peters*, 817 S.W.2d 245, 250 (Mo. banc 1991). While we note that the actual robbery weapon was never found, we also

see from the record that two of appellant's former coworkers positively identified him as the robber. Appellant arrived home in the getaway car shortly after the robbery, and a shotgun part was found in the car with appellant. Far from siding with appellant, we are convinced that the carrier dog was relevant.

■ Appellant also objects to the use of a Remington 870 shotgun for a demonstration of the carrier dog's function. As a general rule, weapons unconnected with the defendant are not admissible unless they possess some probative value. *State v. Wynne*, 353 Mo. 276, 182 S.W.2d 294, 299 (1944). In the instant case, however, the gun did have probative value. Through its use, the jury was able to more clearly understand the function of a carrier dog in the operation of a shotgun. Similar cases have occurred before where Missouri courts have allowed unconnected firearms into the court for demonstrative purposes. *See e.g. State v. Huff*, 831 S.W.2d 752, 754 (Mo.App., E.D.1992); *State v. White*, 654 S.W.2d 288, 290 (Mo.App., S.D.1983); *State v. Bullington*, 684 S.W.2d 52, 56–57 (Mo. App., W.D.1984).

Moreover, it was made quite clear to the jury that the shotgun used had nothing to do with appellant, was merely being used for demonstrative purposes, and was not offered or admitted into evidence. We see no error here. Point denied.

■ In his second point, appellant contends the search of the Audi 5000, which resulted in the seizure of the carrier dog, was unreasonable. We find appellant has failed to properly preserve this point for our review. To attack the validity of a search and seizure, and the fruits thereof, an appellant must first have filed a motion to suppress the evidence in the trial court. *State v. Anderson*, 698 S.W.2d 849, 851 (Mo. banc 1985); *State v. Hart*, 805 S.W.2d 234, 238 (Mo.App., E.D.1991). Appellant concedes that, despite filing a notice of disclosure several months before trial, a formal motion to suppress this evidence was never filed. Point denied.

■ Appellant's challenge to his 29.15 ruling is very similar to the previous point. Appellant alleges ineffective assistance of counsel for failing to file the above-referenced motion to suppress. In support of this allegation, appellant alleges any reasonably competent attorney would have filed the motion. Again, this point is not properly before us as it was not presented to the motion court.

Appellant's amended post-conviction relief motion states, in pertinent part:

> Trial counsel failed to fully argue his objections and the motion for new trial, including issues relating to the motion to suppress and the identification of movant. Had counsel more completely argued these issues, there is a reasonable probability that the result of the trial would have been different;

From the motion itself, it is clear to us that appellant never accused his lawyer of ineffectiveness for failure to file the motion.

"The effect of Rule 29.15(d) is to bar all claims not raised in a timely filed pleading." *State v. Twenter*, 818 S.W.2d 628, 641 (Mo. banc 1991). Since appellant has raised the instant argument for the first time on appeal, we cannot consider it. Point denied.

■ Appellant's fourth point alleges ineffectiveness once again, this time of post-conviction counsel. Claims of ineffectiveness on the part of post-conviction counsel are categorically unreviewable. *State v. Hunter*, 840 S.W.2d 850, 871–72 (Mo. banc 1992). Because there is no right to counsel in a post-conviction proceeding, *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991), there is, consequently, no allowable claim to ineffectiveness of post-conviction counsel. *Id.* Point denied.

■ Appellant's last point alleges the court erred by defining "beyond a reasonable doubt" as being "firmly convinced" of the defendant's guilt. The "firmly convinced" language has withstood numerous challenges before both this court and the Missouri Supreme Court. Moreover, we are powerless to declare an M.A.I. Instruction erroneous, even if we wished to do so. Point denied.

The judgment of the circuit court is affirmed.

SMITH and STEPHAN, JJ., concur.