Antonio NOLAN, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 72380.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 20, 1998.

Deborah B. Wafer, Asst. Public Defender, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

CRANE, Presiding Judge.

Movant, Antonio Nolan, appeals from the motion court's order dismissing without prejudice his motion for post-conviction relief under Rule 29.15. The motion court ruled that because movant's direct appeal was still pending, his Rule 29.15 motion was filed prematurely. Movant concedes that the motion was filed early, but maintains Rule 29.15 does not mandate the dismissal of a prematurely filed motion and argues that the motion court should have deferred action on his motion until the direct appeal was concluded.

The state agrees with movant. We reverse and remand for reinstatement of the motion.

As a preliminary matter, we must *sua sponte* address the question of jurisdiction, although the parties did not do so. *McKean v. St. Louis County*, 936 S.W.2d 184 (Mo.App.1996). Movant appeals from the motion court's dismissal of his Rule 29.15 motion without prejudice. Dismissal without prejudice is generally not a final judgment from which an appeal can be taken. *Skaggs v. Skaggs*, 938 S.W.2d 302 (Mo.App.1997). An exception to this rule is found where the dismissal without prejudice effectively terminates the litigation "in the form in which it is cast or in the plaintiff's chosen forum." *Id.* at 302. Rule 29.15 does not prohibit a movant from filing prior to disposition of his direct appeal. However, the order of dismissal terminates movant's right to maintain his post-conviction proceeding as filed and requires another, later filing. Under these circumstances we have jurisdiction.

Rule 29.15 (b), as amended and effective in those cases in which a defendant was sentenced after January 1, 1996, provides in relevant part:

If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within ninety days after the date the mandate of the appellate court is issued.

The language "ninety days after the date the mandate of the appellate court is issued" defines the latest time a Rule 29.15 motion can be filed. It does not mean that a motion filed before the mandate is issued must be dismissed. Prematurity of filing a motion for post-conviction relief is not by itself a ground for dismissal. *See State v. Miller*, 821 S.W.2d 553 (Mo.App.1991); *State v. Devereux*, 823 S.W.2d 2 (Mo.App.1991).

The order of the motion court is reversed and the cause is remanded to the motion court for reinstatement of movant's Rule 29.15 motion for post-conviction relief.

RHODES RUSSELL and JAMES R. DOWD, JJ., concur.