**STATE of Missouri, Respondent,**

v.

**Will Hodges WOODS, Appellant.**

**No. ED 74832.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 12, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 5, 2000.

Application for Transfer Denied
Feb. 22, 2000.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Wade Thomas, Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Defendant appeals conviction and sentence for possession of a controlled substance in violation of Section 195.202 RSMo 1994. He was also charged and tried on charges of assault first degree and a related armed criminal action. The jury found defendant not guilty of these charges.

The sufficiency of the state's evidence is not in dispute. The state's evidence would support finding the following facts. On July 26, 1997 defendant and various individuals joined in a brawl outside a tavern. Some of the participants left and went home. Less than one hour later, defendant arrived at the residence of Tarrvacus Johnson and another altercation ensued.

Six witnesses testified that defendant fired numerous shots from a rifle at Tarrvacus Johnson and that defendant pointed a gun at another individual. Gene Johnson grabbed the rifle and used it to strike defendant in the head. When a police officer arrived, he found defendant on the ground with cuts to his neck and arm. He seized a .22 caliber semi-automatic rifle. He transported defendant to the hospital emergency room for treatment. The officer remained in the emergency room. A doctor removed defendant's shoes and socks and a clear plastic bag containing crack cocaine fell from his shoes or socks.

Defendant argues three points of trial court error. In his first point, he contends the court plainly erred in excluding defendant's Exhibit J consisting of hospital medical records. He argues that the treating doctor and the police officer gave conflicting testimony on how he was conveyed to the hospital, on whether the cocaine fell from his shoe or his sock, and whether an orderly treated defendant and not the doctor who testified he immediately met the ambulance upon arrival. Defendant concedes, however, "[b]oth men were consistent in one important respect; that a substance determined to be cocaine base was in Will's possession." For a number of reasons, we find no error.

■ First, defendant failed to make an offer of proof and thereby failed to preserve this point for review. *State v. Edwards*, 918 S.W.2d 841, 845 (Mo.App. W.D. 1996). His failure deprived the court of an opportunity to be fully informed on the purpose for admission of the exhibit.

■ Second, defendant's cross-examination of the doctor did not contain any questions intended to impeach the doctor's testimony. Further, the point on appeal was not argued to the trial judge, namely, that the medical records would tend to impeach the doctor's testimony. The failure to make that point at trial forecloses a finding that the trial court abused its discretion in sustaining a relevancy objection.

As a matter of preserved or plain error, we will not interfere absent a showing of abuse. *State v. Sexton*, 929 S.W.2d 909, 915 (Mo.App. W.D.1996).

Third, the copies of the medical records were admittedly poor and their utility is doubtful. Moreover, many of the entries in the records were not admissible for any purpose and defendant failed to identify those parts which he offered for the purpose of impeachment. *See State v. Malicoat*, 942 S.W.2d 458, 460 (Mo.App. S.D. 1997). Point denied.

Defendant's second point argues that the court erred in allowing a .22 caliber rifle to remain in the view of the jury throughout the trial where no witness identified it as the rifle which defendant used during the brawl. Because of the failure of identification, the court rejected the state's offer of the rifle as an exhibit. Defendant contends that the rifle was not the weapon allegedly used in the commission of one of the charged crimes and that the state did not use it to demonstrate an event. The state argues that if there was error, it was not prejudicial. For several reasons, this point is without merit.

■ First, the possession charge was tried together with charges of assault and a related armed criminal action. The jury found the defendant not guilty of these charges. Six witnesses testified that they saw defendant fire a .22 rifle and point it at another person. The verdicts on the assault and armed criminal action charges support the conclusion there was no prejudice from the presence of the weapon in the courtroom. Moreover, the court informed the jury that the rifle was not an exhibit.

■ Second, although as a general rule, weapons unconnected with the defendant are not admissible unless they possess some probative value, *State v. Douthit*, 846 S.W.2d 761, 763 (Mo.App. E.D.

1993),[1] the weapon in question was identified by the police officer as a weapon he seized at the scene. This evidence connected the weapon with the events which were the subject of the assault and armed criminal action charges. This is true whether or not there was evidence to support a finding it was the weapon defendant possessed and fired.

Third, although there was no apparent reason to permit the weapon to remain in the courtroom after the court sustained an objection to its admission, it has little relevance to the charge of possession of crack cocaine based upon events which occurred only at the hospital. For all of these reasons we find no prejudice. Point denied.

Defendant's last point argues the court erred in sentencing defendant because there was bias and prejudice caused by the jurors' knowledge of defendant's prior conviction "in that the jury inquired during deliberations [as to] how Will was out of the penitentiary and why his parole was revoked causing him to be back in the penitentiary, when there was no evidence presented during the trial that Will was incarcerated as the result of a parole violation." This point does not expressly depend upon a claim that the court erred in denying a mistrial when some jurors viewed defendant in the courthouse restrained by handcuffs. For a number of reasons, this point is without merit.

■ First, this argument is not the argument made to the trial court in defendant's motion for a new trial. In the motion, he contended that the court erred in failing to declare a mistrial after being advised that some juror members viewed the defendant while handcuffed. Accordingly, the trial court did not err as argued because the issue was never presented for decision.

■ Second, defense counsel in voir dire, and defendant in his testimony, told the jury of his prior convictions and that he was currently incarcerated on another offense. Under these circumstances, the conclusion that defendant was prejudiced when seen in handcuffs is purely speculative.

Third, in view of defendant's testimony regarding his prior convictions and his incarceration and in the absence of any violation of his rights in cross-examination relative to these prior convictions, the viewing did not suggest any prior bad acts not known to the jury.

■ There is no evidentiary basis to conclude the trial court abused its discretion in refusing to grant a mistrial on the grounds stated. We will reject such ruling only in extraordinary circumstances when there is a grievous error which cannot otherwise be remedied. *State v. Galindo,* 973 S.W.2d 574, 580 (Mo.App. S.D.1998). Where the event was not grounds for a mistrial, it will not support a finding of bias and prejudice on the part of the jury or trial court error in imposing a sentence after a verdict of guilty.

We affirm.

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J. concur.

---

1. *State v. Douthit,* 846 S.W.2d 761 (Mo.App. E.D.1993) has been overruled by *State v. Carson,* 941 S.W.2d 518 (Mo. banc 1997), however, not as to the substantive proposition stated.