Will WOODS, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 78772.

Missouri Court of Appeals, Eastern District, Division Two

Aug. 21, 2001.

---

2. We added the emphasis.

Mark. A. Grothoff, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon; Attorney General; Richard A. Starnes; Assistant Attorney General; Jefferson City, MO, for respondent.

MARY K. HOFF, Judge.

Appellant, Will Woods ("Movant"), appeals the dismissal of his Rule 29.15 [1] motion for post-conviction relief. We reverse and remand.

After a trial, a jury convicted Movant of felony possession of a controlled substance, in violation of Section 195.202. [2] The trial court sentenced Movant to a prison term of three years and ordered the sentence to run consecutively to any other sentences Movant was then serving. Upon direct appeal, this court affirmed the conviction and sentence. *State v. Woods*, 9 S.W.3d 634 (Mo.App. E.D.1999).

While the direct appeal was pending, Movant filed a *pro se* Rule 29.15 motion. On October 26, 1998, the trial court appointed counsel for Movant and pursuant to Rule 29.15(g) ordered the amended motion due "sixty days from the date of this order and the issuance of the appellate mandate." This Court issued its mandate in Movant's direct appeal on March 16, 2000. On March 17, 2000, Movant filed a second *pro se* Rule 29.15 motion. After the trial court granted an extension of time, [3] post-conviction counsel filed Movant's amended Rule 29.15 motion on June 15, 2000. The motion court held an evidentiary hearing on the amended motion.

On October 12, 2000, the motion court dismissed Movant's amended motion reasoning that both of Movant's *pro se* motions were filed untimely. Specifically, the court held the initial *pro se* motion was untimely because it was filed prior to the appellate mandate being issued. The court also found that the appellate mandate issued on October 12, 1999, more than 90 days before Movant filed his second *pro se* motion. Movant appeals.

In his sole point relied on, Movant argues that the motion court erroneously dismissed his Rule 29.15 motion because both of his *pro se* motions were timely filed. As the State concedes, Movant's argument is valid.

Movant's initial *pro se* motion was timely filed because Rule 29.15 does not prohibit a Movant from filing it prior to disposition of his direct appeal. *Nolan v. State*, 959 S.W.2d 939, 940 (Mo.App. E.D.1998). The Rule's requirement that a movant file his motion "within ninety days after the date the mandate of the appellate court is issued" merely defines the latest time a Rule 29.15 motion can be filed. *Id.* Premature filing of a motion for post-conviction relief is not, by itself, a ground for dismissal. *Id.*

Further, even if Movant's first motion had been untimely, he filed a second *pro se* motion that was clearly timely. Contrary to the motion court's finding, this court issued its mandate on March 16, 2000, not on October 12, 1999. The latter

---

1.  Unless otherwise indicated, all Rule references are to the Missouri Court Rules (2001).

2.  Unless otherwise indicated, all statutory references are to RSMo 2000.

3.  The Legal File does not indicate the amount of time granted as an extension for filing Movant's amended motion. At most, "the court may extend the time for filing the amended motion for one additional period not to exceed thirty days." Rule 29.15(g).

date is when this court handed down its opinion. Because Movant filed his second *pro se* motion on March 17, 2000, this motion also satisfied the ninety-day time requirement of Rule 29.15(b). This second *pro se* motion, which was timely filed, may be considered an amendment to Movant's initial motion. *See, State v. Shaw*, 839 S.W.2d 30, 37 (Mo.App. E.D.1992).

The trial court clearly erred in dismissing Movant's *pro se* motions as untimely filed. The order of the motion court is reversed and the cause is remanded for reinstatement of Movant's Rule 29.15 motion for post-conviction relief and for further proceedings consistent with this opinion. Upon remand, the trial court will also have to determine whether his counsel's amended motion was timely filed [4] and, if it was not, the cause of the untimeliness pursuant to *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991).

GEORGE W. DRAPER, P.J. and MARY R. RUSSELL, J., Concur.

4. In its respondent's brief, the State alleges counsel's amended motion was filed untimely. Because this issue was not fully briefed and because the record on appeal is incomplete regarding the extension, we defer the issue to the trial court.