**Richard G. RAMSEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 80714.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 17, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 20, 2003.

Application for Transfer Denied
April 1, 2003.

Gwenda R. Robinson, Assistant State Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

■ Richard G. Ramsey ("Movant") appeals the denial of his Rule 24.035 motion for postconviction relief on the ground that his motion was premature. We affirm.

Movant is currently incarcerated in Greenville Federal Prison, in Greenville, Illinois, and is scheduled to be released "on or about February 2003." On October 11, 2000, Movant pled guilty to three counts of statutory sodomy in the second degree, section 566.064 RSMo 2000 [1]; three counts of incest, section 568.020; and two counts of sexual misconduct, first degree by contact, section 566.090. On September 6, 2001, Movant filed a *pro se* motion pursuant to Rule 24.035. The motion court denied the motion as premature.

Movant concedes that at the time of his motion he had not been physically delivered to the custody of the Missouri Department of Corrections as required by Rule 24.035 and Missouri case law. However, in his sole point on appeal, Movant argues it was error to dismiss his motion based solely on the ground that it was premature because this court in *Nolan v. State*, 959 S.W.2d 939 (Mo.App.1998), *Bird v. State*, 999 S.W.2d 731 (Mo.App.1999) and *Woods v. State*, 53 S.W.3d 587 (Mo. App.2001), held that premature Rule 29.15 motions were not by themselves a ground for dismissal. Specifically, Movant contends that despite "adverse case law stating dismissal is the appropriate disposition of a prematurely filed Rule 24.035 motion ... *Nolan*, *Bird* and *Woods* should apply to permit [Movant] the same access to the courts as Rule 29.15 movants because there is no reasonable, rational purpose for singling out and punishing the Rule 24.035 movant for prompt filing." We disagree.

■ The State correctly observes that the requirements of Rule 29.15 are wholly distinct from those in Rule 24.035. Our decisions in *Nolan*, *Bird* and *Woods* stated a movant may file his Rule 29.15 motion prior to the disposition of his direct appeal. However, under Rule 29.15, the only requirement for standing to file the motion is that the movant be convicted of a felony after trial. *See Woods*, 53 S.W.3d at 588.

■ In contrast, Rule 24.035 provides:

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035.

As noted by the State, relief under Rule 24.035 requires both a plea of guilty to a felony conviction *and* physical delivery to the department of corrections. *See Bandy v. State*, 847 S.W.2d 93, 94–95 (Mo.App. 1992). Because Movant has not been physically delivered to the Missouri Department of Corrections, he does not have standing to file a Rule 24.035 motion. Therefore, the motion court did not err in denying Movant's motion on the grounds it was premature.

Judgment affirmed.

1. All statutory references are to RSMo 2000, unless otherwise indicated.

**580**

LAWRENCE E. MOONEY, C.J., Concurs.

MARY K. HOFF, J., Concurs.