**Brandon A. WHITE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 69901.**

Missouri Court of Appeals, Western District.

April 21, 2009.

**410**

Mark A. Grothoff, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Reeves, Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before JAMES M. SMART, JR., P.J., JOSEPH M. ELLIS, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Brandon White appeals the circuit court's dismissal of his *pro se* Rule 29.15 motion.[1] The circuit court dismissed his *pro se* Rule 29.15 motion on the basis that it was untimely. We reverse and remand.

---

**1.** All rule references are to Missouri Rules of Criminal Procedure, 2008, unless otherwise

In 2005, the circuit court entered judgment against White on two counts of delivering a controlled substance near a school. The circuit court sentenced him to concurrent terms of fifteen years in the Missouri Department of Corrections. White filed a direct appeal to this court, which issued an order affirming the circuit court's judgment on April 24, 2007. *State v. White,* 219 S.W.3d 841 (Mo.App.2007). This court issued its mandate on May 16, 2007.

On July 24, 2007, White filed a *pro se* Rule 29.15 motion for post-conviction relief. On October 22, 2007, his counsel filed a statement in lieu of an amended motion. The circuit court issued an order dismissing White's *pro se* motion on the basis that it was untimely. This appeal follows.

In his sole point on appeal, White claims that the circuit court erred in dismissing his Rule 29.15 motion on the basis that it was untimely because the record establishes that he filed his *pro se* Rule 29.15 motion within ninety days of this court's issuance of its mandate affirming the circuit court's judgment. The State concedes that White filed his motion within the applicable period and agrees that we should remand the case to the circuit court so it can reinstate White's motion.

According to Rule 29.15(k), our review is "limited to a determination of whether the findings and conclusions of the [circuit] court are clearly erroneous." Error is clear only if, after we review the entire record, we have a definite and firm impression that the circuit court made a mistake. *State v. Johnson,* 901 S.W.2d 60, 62 (Mo. banc 1995).

Rule 29.15(b) governs the time limits for the filing of a post-conviction relief motion. Since White appealed the circuit court's

indicated.

judgment to this court, Rule 29.15(b) required that he file his post-conviction relief motion within ninety days from the date that we issued our mandate affirming the judgment:

> If an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence.
>
> . . . .
>
> Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15.

In dismissing his motion, the circuit court found that White filed his motion after the ninety day period had ended:

> The Court on its own Motion notes that the Mandate from the Court of Appeals affirming Brandon White's conviction was issued on April 24, 2007. . . .
>
> The Court finds that Movant did not file his Motion until July 24, 2007. The Mandate from the Court of Appeals was issued April 24, 2007. [Thus p]ursuant to Rule 29.15(b), jurisdiction of this Court terminated on July 23, 2007, and any filings or rulings thereafter are void.

The circuit court clearly erred in dismissing White's motion.

In concluding that White's *pro se* motion was untimely, the circuit court commenced the ninety day period on April 24, 2007, which was the date we handed down our opinion. The plain and ordinary wording of Rule 29.15, however, states that the ninety day period did not start running until we issued our mandate. Rule

29.15(b); *see Woods v. State*, 53 S.W.3d 587, 588–89 (Mo.App.2001) (the date that the court handed down its mandate, and not the date it handed down its opinion, was the starting date for Rule 29.15(b)'s time limits).

In this case, the record establishes that, although we handed down our opinion on April 24, 2007, we did not issue our mandate until May 16, 2007. Thus, the ninety day period did not begin to run until May 17, 2007.[2] White, therefore, had until August 16, 2007, to file his motion. The record reflects that he filed his motion prior to the deadline because he filed his *pro se* motion on July 24, 2007. In fact, on appeal, the State concedes that White filed his *pro se* motion within the applicable period. The circuit court, therefore, clearly erred in dismissing White's *pro se* motion. The circuit court's judgment is reversed, and the case is remanded to the circuit court so it can reinstate White's *pro se* motion.

All concur.

---

**2.** Pursuant to Rule 44.01, "[i]n computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included."