

# In the Missouri Court of Appeals
## Eastern District

<u>DIVISION FOUR</u>

| | | |
|---|---|---|
| LAMARR T. HARRIS, | ) | No. ED102062 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Michael F. Stelzer |
| | ) | |
| Respondent/Respondent. | ) | Filed: November 10, 2015 |

<u>Introduction</u>

Lamarr T. Harris (Movant) appeals from the motion court's judgment denying, without an evidentiary hearing, his amended Motion to Vacate, Set Aside or Correct Judgment and Sentence filed pursuant to Rule 29.15[1] (post-conviction motion). We reverse and remand.

<u>Factual and Procedural Background</u>

On July 27, 2011, a jury found Movant guilty of one count of second-degree domestic assault. The court sentenced Movant to five years in prison and Movant appealed his conviction and sentence.

On March 23, 2012, Movant filed a premature *pro se* post-conviction motion challenging his conviction and sentence. On April 4, 2012, the motion court appointed the public defender's office to represent Movant.

---

[1] All rule references are to Mo. R. Crim. P. 2011.

On June 11, 2013, this Court affirmed Movant's conviction and sentence.  State v.

Harris, 400 S.W.3d 865 (Mo. App. E.D. 2013).  The Court issued its mandate on July 3,

2013.

On December 2, 2013, appointed post-conviction counsel entered an appearance

and requested an extension of time to file an amended motion.  The record does not

indicate any ruling on counsel's request for an extension of time.  On February 5, 2014,

appointed counsel filed an amended post-conviction motion.  On June 11, 2014, the

motion court issued its Conclusions of Law and Order denying Movant's post-conviction

motion without an evidentiary hearing.  This appeal follows.

Discussion

On appeal, Movant challenges the motion court's denial of his post-conviction

motion without an evidentiary hearing, asserting he was denied his rights to effective

assistance of counsel and due process of law, in that trial counsel had an actual conflict of

interest that adversely affected counsel's performance and prejudiced Movant.

Before proceeding to the merits of Movant's appeal, we are compelled under

Moore v. State, 458 S.W.3d 822 (Mo. banc 2015), to examine the timeliness of the

amended post-conviction motion.  Appointed counsel's untimely filing of an amended

post-conviction motion can constitute "abandonment," which extends the time limitation

for filing an amended post-conviction motion.  Id. at 825.  If the amended motion was

untimely filed and there has been no independent inquiry into abandonment, the cause

must be remanded to the motion court for such inquiry.  Id. at 825-26.  "It is our duty to

enforce the mandatory timelines in the post-conviction rules, but 'the motion court is the

appropriate forum to conduct such an inquiry' into abandonment." Federhofer v. State, 462 S.W.3d 838, 841 (Mo. App. E.D. 2015).

If the motion court determines that a movant has not been abandoned, the court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. Moore, 458 S.W.3d at 825. If the motion court determines the movant was abandoned by appointed counsel's untimely filing of the amended motion, the court is directed to permit the untimely filing. Id. at 826.

Rule 29.15, governing post-conviction motions following a trial, does not prohibit a movant from filing his initial *pro se* motion prior to the disposition of his direct appeal. Woods v. State, 53 S.W.3d 587, 588 (Mo. App. E.D. 2001). "The Rule's requirement that a movant file his motion 'within ninety days after the date the mandate of the appellate court is issued' merely defines the latest time a Rule 29.15 motion can be filed." Id. Thus, Movant's initial *pro se* post-conviction motion was timely filed.

With regard to amended motions, Rule 29.15(g) provides that when, as here, an appeal of a judgment sought to be vacated, set aside, or corrected is taken, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." The motion court may extend the time for filing the amended motion for an additional 30 days. Rule 29.15(g).

In this case, counsel was appointed on April 4, 2012,[2] and the mandate was issued on July 3, 2013. Accordingly, the amended motion was due on or before September 3, 2013,[3] or, in the event the court had granted a continuance, on October 1, 2013. Here, post-conviction counsel took no action on the case until December 2, 2013, when she entered her appearance and requested a continuance. Counsel's motion for continuance was never ruled upon. Counsel did not file the amended motion until February 5, 2014, several months after the expiration of the limitations period. Accordingly, the amended motion was untimely.

The motion court's judgment is reversed, and the cause remanded to the court to conduct an independent inquiry to determine if Movant was abandoned by appointed counsel.

Conclusion

The motion court's judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, J.

Lisa S. Van Amburg, C.J., and
Kurt S. Odenwald, J., concur.

---

[2] The time period commences with the appointment of the public defender's office, not when an individual attorney is designated by the public defender's office. State v. Leisure, 810 S.W.2d 560, 575 (Mo. App. E.D. 1991).

[3] Sixty days from the date of the mandate was September 1, 2013. However, September 1, 2013, was a Sunday and September 2, 2013, was Labor Day, a legal holiday. Rule 44.01(a) states that when the last day of a time period is a Saturday, Sunday or a legal holiday, the period runs until the next business day.