**Richard A. WARREN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 74822.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 7, 1999.

Elizabeth A. Haines, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Defendant appeals denial of Rule 29.15 motion for post-conviction relief after an evidentiary hearing. We affirm.

Defendant was convicted by a jury of murder in the second degree, first degree robbery, and two counts of armed criminal action. On direct appeal, this court reversed both armed criminal action sentences but affirmed the convictions of murder in the second degree and first-degree robbery. *State v. Warren,* 945 S.W.2d 515 (Mo.App. E.D.1997). Defendant filed a motion for post-conviction relief after our mandate and requested an evidentiary hearing. The motion court denied the defendant's Rule 29.15 motion after an evidentiary hearing.

In the Rule 29.15 motion, Defendant alleged ineffective assistance of counsel for failing to adequately object in five

instances during trial and failing to preserve meritorious claims of error for review on appeal. He alleged in his amended 29.15 motion that "absent counsel's failure, to timely and appropriately object, the outcome of movant's appeal would have been different." (Emphasis added). Rule 29.15 "is limited to errors which prejudiced the movant by denying him the right to a fair trial." *State v. Loazia* 829 S.W.2d 558, 570 (Mo.App.1992) (citing *Strickland v. Washington* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674). The rule was amended on June 20, 1995, effective January 1, 1996, to permit "claims of ineffective assistance of trial and appellate counsel." Rule 29.15(a). The State argues the allegations in the motion are directed at a change in the outcome of an appeal and not directed at the outcome of the trial are not reviewable because they are outside the scope of the rule. It relies on cases decided before January 1, 1996. Because of the result, we will review on the merits without deciding whether the rule change has expanded the scope of the rule to include defendant's allegations. That issue was not briefed and the motion court decided the issues on the merits.

The standard of review of a post-conviction relief after an evidentiary hearing is limited to whether the findings of fact and conclusions of law found by the trial court are clearly erroneous. Rule 29.15(k). The "[f]indings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite impression that a mistake has been made." *State v. Storey*, 901 S.W.2d 886, 900 (Mo. banc 1995) (citing *State v. Shurn*, 866 S.W.2d 447, 468–69 (Mo. banc 1993)).

Defendant argues five sub-points comprising his one point on appeal. He argues that his counsel was ineffective because she failed to object to: (1) the trial court taking judicial notice of the files and transcripts of a co-defendant's guilty pleas; (2) hearsay testimony of a witness; (3) some of the prosecutor's statements during closing arguments; (4) evidence he had a gun, ski mask, camouflage mask, gloves, handcuffs which he argues was evidence of other crimes or bad acts with no relevance to the issues in the case; and, (5) the submission of instructions relating to the charges of armed criminal action.

■ Defendant's first sub-point is counsel was ineffective for failing to object to the trial court taking judicial notice of the files and transcripts of a co-defendant's guilty pleas as evidence against defendant. Counsel did object and made a continuing objection to all of the co-defendant's testimony. Counsel did not have to renew her objection when the court took judicial notice of the co-defendant's testimony because of counsel's continuing objection preserved the point for direct appeal. The argument is based on unsupported fact. Point denied.

■ In a second sub-point, the defendant argues counsel was ineffective for failing to object to "hearsay testimony of Shelia Perdue ..." This sub-point clearly violates Rule 84.04 and *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). A point relied on "shall state briefly and concisely what actions or rulings of the trial court are sought to be reviewed and wherein and why they are claimed to be erroneous...." Supreme Court Rule 84.04(d). A point relied on must consist of these three points "[t]he challenged ruling of the trial court" and the "rule of law ... which it is asserted the court should have applied is set forth and the evidentiary basis upon which it is contended that the asserted rule is applicable is specified." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc.1978). The point does not say why the motion court's ruling was erroneous and how the testimony or evidence gives rise to an erroneous ruling. It preserves nothing for review and is not a matter of plain error. Point denied.

■ Defendant's third sub-point argues that counsel was ineffective for failing to object to part of the prosecutor's closing

arguments. The argument is not supported by the record. Counsel did object during closing argument but was overruled. Moreover, failure to object during closing arguments only results in ineffective assistance of counsel if it prejudices the accused and deprives him of a fair trial. *Olds v. State*, 891 S.W.2d 486, 491 (Mo.App. E.D.1994). We find no prejudice where arguments that defendant was a threat to a police officer and "the boss" of younger co-defendants in the commission of the offenses was supported by evidence. Point denied.

■ Defendant's fourth sub-point argues that counsel was ineffective for failing to object to the admission of evidence consisting of a gun, ski mask, camouflage mask, gloves, handcuffs which was evidence of other crimes or bad acts with no relevance to the issues in the case. Defendant's counsel made a motion in limine concerning these objects. Counsel renewed her objection at trial. The argument fails because it relies on unsupportable facts. Point denied.

■ Defendant's final sub-point argues that his counsel was ineffective for failing to object to the instructions relating to the charges of armed criminal action. Defendant did not allege this issue in his 29.15 motion. He cannot raise an issue for the first time on appeal. "[T]he movant waives any claim for relief known to the movant that is not listed in the motion." Rule 29.15(d). We do not have jurisdiction to review this sub-point. Moreover, this sub-point is without merit because the underlying errors were resolved in defendant's favor on direct appeal when defendant's convictions for armed criminal action were reversed. This point is moot.

We affirm.

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J., concur.