**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Mahir MOHAMMED,
Defendant/Appellant.**

**No. ED 83335.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 6, 2004.

Edgar Edward Lim, Clayton, MO, for Appellant.

Andrea Kaye Spillars, Jefferson City, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

Mahir Mohammed (Defendant) appeals from the order denying his motion to withdraw his guilty plea after he was convicted of possession of a controlled substance. Because there is no final, appealable judgment, we dismiss the appeal.

Defendant pleaded guilty to possession of a controlled substance. The trial court suspended imposition of sentence and placed Defendant on probation for five years. Defendant subsequently sought to withdraw his guilty plea, contending his attorney did not tell him that his guilty plea would affect his immigration status. The trial court denied this motion and Defendant appealed.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Williams v. ESI Mail Pharmacy Serv., Inc.,* 103 S.W.3d 848 (Mo.App. E.D.2003). We issued an order directing Defendant to show cause why his appeal should not be dismissed for lack of a final, appealable judgment. Defendant has failed to file a response.

In criminal cases, the right of appeal is limited to final judgments. Section 547.070 RSMo 2000. A trial court's ruling on a motion to withdraw a guilty plea under Supreme Court Rule 29.07(d) where the imposition of sentence has been suspended is not a final, appealable judgment. *State v. Larson,* 79 S.W.3d 891, 893 (Mo. banc 2002). Here, the court suspended imposition of Defendant's sentence. As a result, there is no final, appealable judgment. The appropriate remedy for seeking review of the denial of a motion to withdraw a guilty plea when the imposition of sentence is suspended is by a writ of mandamus. *Id.* at 894.

Defendant's appeal is dismissed without prejudice for lack of a final, appealable judgment.

LAWRENCE E. MOONEY, J. and GEORGE W. DRAPER III, J., concur.