STATE of Missouri,
Plaintiff/Respondent,

v.

Robert A. PALM, Defendant/Appellant.

No. ED 85224.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 29, 2005.

Robert A. Palm, St. Louis, MO, for Appellant.

Deborah Daniels, Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Robert A. Palm (Defendant) was convicted of resisting arrest. The court suspended imposition of sentence and placed Defendant on probation for two years with conditions. Defendant has now filed his notice of appeal from this judgment of conviction. We dismiss the appeal.

In criminal cases, the right of appeal is limited to final judgments. Section 547.070, RSMo 2000. A judgment is final for purposes of appeal when the judgment and sentence are entered. *State v. Welch,* 865 S.W.2d 434, 435 (Mo.App. E.D.1993). Where imposition of sentence is suspended, the judgment is not final and a defendant may not appeal it. *State v. Lynch,* 679 S.W.2d 858, 860 (Mo. banc 1984); *See also, State v. Larson,* 79 S.W.3d 891, 892 (Mo. banc 2002). Here, the court suspended imposition of Defendant's sentence. As a result, there is no final, appealable judgment.

This Court has a duty to examine its jurisdiction *sua sponte. State v. Faudi,* 141 S.W.3d 83, 84 (Mo.App. E.D.2004). Where there is no final, appealable judgment, we have no jurisdiction to consider the appeal. *State v. Blalock,* 119 S.W.3d 185, 186 (Mo.App. E.D.2003).

We issued an order to Defendant directing him to show cause why his appeal should not be dismissed. Defendant filed a response, which primarily addresses the merits of his case. However, he asks this Court not to follow the Missouri Supreme Court's opinion in *Lynch,* pointing out the opinion was only 4–3 and referring to the dissenting opinion. However, this Court, which is a court under the superintending authority of the Missouri Supreme Court, is bound by the decisions of that Supreme Court. Mo. Const. Art. V, Sec. 2 (1945). As to the merits of Defendant's case, the appropriate remedy when the imposition of sentence is suspended is by a writ of mandamus. *State v. Mohammed,* 131 S.W.3d 848 (Mo.App. E.D.2004).

Defendant's appeal is dismissed without prejudice for lack of a final, appealable judgment.

GLENN A. NORTON and
LAWRENCE G. CRAHAN, JJ., concur.