STATE of Missouri, Plaintiff/Respondent,

v.

Eric HOTZE, Defendant/Appellant.

No. ED 90531.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 19, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 25, 2008.

Application for Transfer Denied May 20, 2008.

William P. Grant, St. Louis, MO, for appellant.

Shaun J. MacKelprang, Asst. Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Chief Judge.

Eric Hotze (Defendant) was convicted of third degree assault. The court suspended imposition of sentence and placed Defendant on probation for two years with conditions. Defendant has now filed his notice of appeal from this judgment of conviction. We dismiss the appeal.

■■■ The criminal appeals statutes limit the right of appeal to final judgments. Section 547.070, RSMo 2000. In a criminal case, the judgment becomes final for purposes of appeal when the judgment and sentence are entered. *State v. Welch,* 865 S.W.2d 434, 435 (Mo.App. E.D.1993). Therefore, when imposition of the sentence is suspended, the judgment is not final and a defendant may not appeal it. *State v. Lynch,* 679 S.W.2d 858, 860 (Mo. banc 1984); *See also, State v. Larson,* 79 S.W.3d 891, 892 (Mo. banc 2002). Here, the court suspended imposition of Defendant's sentence. As a result, there is no final, appealable judgment.

Where there is no final, appealable judgment, we have no jurisdiction to consider the appeal. *State v. Palm,* 158 S.W.3d 861 (Mo.App. E.D.2005). We issued an order to Defendant directing him to show cause why his appeal should not be dismissed. Defendant has filed a response. Defendant argues there are collateral punitive consequences to his conviction, even though imposition of his sentence was suspended. As a result, Defendant contends he should be allowed to file an appeal. He further argues that section 547.070 does not define "final judgment" and that any definition is solely one of judicial interpretation, which he contends this Court can reevaluate at its discretion.

■■■ The Missouri Supreme Court in *Lynch* discussed the collateral consequences of a conviction, even though imposition of sentence is suspended. However, the Court ultimately concluded that despite the collateral consequences, there was no final, appealable judgment. *Lynch,* 679 S.W.2d at 861–62. This position has been reiterated by the Supreme Court recently in *State v. Larson,* 79 S.W.3d 891, 893 (Mo. banc 2002), where the Court, citing *Lynch,* stated, "In a criminal case, a final judgment occurs only when a sentence is entered." This Court, which is a court under the superintending authority of the Missouri Supreme Court, is bound by the decisions of that Supreme Court. Mo. Const. Art. V, Sec. 2 (1945). Defendant's remedy, if any, when the imposition

of sentence is suspended is only by an extraordinary writ. *State v. Mohammed,* 131 S.W.3d 848 (Mo.App. E.D.2004).

Defendant's appeal is dismissed without prejudice for lack of a final, appealable judgment.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., concur.