STATE of Missouri, Respondent,

v.

Tyrone PARKER, Appellant.

No. WD 68259.

Missouri Court of Appeals,
Western District,

Dec. 30, 2008.

Ruth Sanders, Kansas City, MO, for appellant.

Shaun J. Mackelprang, Evan J. Buchheim, Jefferson City, MO, for respondent.

Before DIV II: SMART, P.J., HARDWICK and WELSH, JJ.

LISA WHITE HARDWICK, Judge.

Tyrone Parker appeals from a judgment denying his request for a new trial after he was convicted of second-degree murder and armed criminal action. Parker contends he was entitled to a new trial because the State failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). For reasons explained herein, we find no error and affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

The State charged Parker with second-degree murder and armed criminal action in the 1993 drive-by shooting of 11–month old Gregory Bolton. Parker was convicted following a jury trial in 1995. His direct appeal of the convictions was later consolidated with his appeal from the circuit court's denial of his Rule 29.15 motion. On May 12, 1998, this court dismissed the direct appeal and affirmed the denial of post-conviction relief. *State v. Parker*, 972 S.W.2d 508 (Mo.App.1998) ("*Parker I*").

In 2003, Parker filed a motion to recall the mandate in *Parker I*. The motion sought reinstatement of the direct appeal to allow Parker to pursue a *Brady* violation claim that his previous appellate counsel failed to present. This court granted the motion and subsequently remanded the case to the circuit court, with instructions to conduct a hearing on Parker's *Brady* claim that the State failed to disclose police reports that would have provided exculpatory evidence. *State v. Parker*, 198 S.W.3d 178 (Mo.App.2006) ("*Parker II*").

Following an evidentiary hearing on remand, the circuit court entered a judgment denying Parker's request for a new trial based on a finding that no *Brady* violation

had occurred. The court determined that: (1) the State did not suppress the disclosure of the police reports; and (2) Parker was not prejudiced by any alleged non-disclosure because the police reports did not provide material, exculpatory evidence. Parker appeals the judgment.

## ANALYSIS

Parker brings two points on appeal. First, he contends the circuit court erred in denying his motion for new trial because he presented sufficient evidence to establish that the State committed a *Brady* violation by failing to disclose a police report containing the statement of Kenneth Wesley. Alternatively, in Point II, Parker contends the circuit court erred in denying a new trial based on evidence that his trial counsel was ineffective in failing to present the testimony of Kenneth Wesley at trial.

 Our review of the circuit court's denial of a new trial motion is for an abuse of discretion. *State v. White*, 81 S.W.3d 561, 567 (Mo.App.2002). Such abuse occurs when the court's ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* Rulings made within the trial court's discretion are presumed correct and, thus, the appellant has the burden of showing an abuse of discretion. *Id.*

### A. BRADY RULE

 Parker asserts a violation of the *Brady* rule, which is based on the constitutional requirement of due process. *Id.* "[W]hen the State suppresses evidence [that] may be favorable to a defendant, it violates due process where the evidence is material, either to guilt or to punishment, irrespective of the good or bad faith of the State." *State v. Aaron*, 985 S.W.2d 434, 436 (Mo.App.1999). To establish a *Brady*

violation, Parker had to show that the State failed to disclose exculpatory or impeachment evidence favorable to him, and that he was prejudiced by the non-disclosure. *White*, 81 S.W.3d at 568. Proof of a constitutional violation requires reversal of the defendant's conviction and the grant of a new trial. *Id.*

Parker's allegation of non-disclosure stems from an investigation of the 1993 drive-by murder of Gregory Bolton. Parker was charged and, ultimately, convicted on charges of second-degree murder and armed criminal action under an accomplice theory. At trial, the State presented evidence that Parker was a passenger in a light-colored Ford Granada involved in the drive-by shooting. Parker alleges his defense was hampered when the prosecutor failed to disclose a police report containing the statement of Kenneth Wesley, a witness to the shooting. In the report, Wesley told police that he had seen the car from which the fatal shots were fired. Wesley described the car as a dark-blue four-door, possibly a 1988 Cadillac. Because Wesley's description differed from the vehicle described by the State's witnesses at trial, Parker contends the police report was exculpatory and should have been produced prior to trial.

At the hearing on the *Brady* claim, Parker's trial counsel, Frank Smith, testified that he did not recall seeing the subject police report until after the 1995 trial. Parker's appellate counsel, Jim Speck, also testified that the police report was not among the documents in the case file that he received from trial counsel in preparation for the appeal. Speck acknowledged that the case file he received was disorganized and that he had difficulty obtaining the file from trial counsel. Speck also acknowledged that he lost part of the file, including some of the documents from trial counsel, and that he was testifying largely

from his recollection of a case he worked on more than twelve years ago. As a result of the lost documents, Parker was unable to present his complete case file at the *Brady* hearing.

The State presented evidence at the hearing to dispute Parker's claim that the police report was not disclosed to defense counsel prior to the 1995 trial. The prosecutor, Dan Miller, testified about his standard procedure for producing documents to defendants. It was his practice to make a copy of everything in the police file and turn over all of the documents to defense counsel. Miller said he followed this procedure in Parker's case and that a copy of the police report containing Wesley's statement was sent to Parker's counsel, Frank Smith, prior to trial.

The prosecutor also testified that he had "almost no doubt" that Smith received the subject police report prior to trial. Miller recalled a conversation with Smith wherein Smith referred to another witness, Wesley Walker, as "the other Wesley." This comment indicated that defense counsel was aware of Kenneth Wesley and his involvement in the case as potential witness. At the *Brady* hearing, there was further evidence that the defense contacted Kenneth Wesley prior to the 1995 trial. Wesley testified that he received either a subpoena or letter requesting him to testify on Parker's behalf. That request would not have been made if Parker's counsel was unaware of the police report containing Wesley's statements about the shooting.

The record supports the circuit court's ruling that the State did not suppress the police report and deprive Parker of information about Wesley's statements. Because there was conflicting testimony, we must defer to the trial court's superior position to evaluate the credibility of witnesses on the issue of whether the police report was disclosed. *State v. Duckett,*

849 S.W.2d 300, 305 (Mo.App.1993). The court was entitled to believe all, some, or none of the evidence, and it ultimately determined that the prosecutor's testimony was more credible than that of Parker's trial and appellate counsel. *State v. Chavez,* 165 S.W.3d 545, 549 (Mo.App.2005). We find no abuse of discretion in the court's reliance on the prosecutor's testimony and other evidence indicating that defense counsel had knowledge of Wesley's statements prior to trial.

Based on the circuit court's finding that the State did not suppress evidence, Parker failed to prove a *Brady* violation and was not entitled to a new trial. We need not further address whether the evidence was exculpatory because Parker did not establish the threshold requirement for proving a due process violation under the *Brady* rule. Point I is denied.

**B. INEFFECTIVE ASSISTANCE OF COUNSEL**

 As an alternative to Point I, Parker argues in Point II that he was entitled to a new trial because his trial counsel was ineffective in failing to call Kenneth Wesley as a witness at trial. We deny the point because Parker waived this ineffective assistance claim by raising it for the first time on appeal.

This is Parker's third time before this court on matters concerning his 1995 convictions for second-degree murder and armed criminal action. In *Parker I,* he appealed from the denial of his Rule 29.15 motion, in which he claimed trial counsel was ineffective in failing to cross-examine Earl Wells, a witness for the State. Parker did not allege any claim with regard to counsel's failure to present testimony from Kenneth Wesley. He also did not raise any such allegation of ineffectiveness in *Parker II,* wherein he filed a motion to recall the appeal court's mandate in *Parker I.*

Post-conviction motions alleging ineffective assistance of counsel are governed by Rule 29.15. The rule expressly bars successive motions. Rule 29.15(*l*). A motion is successive when it follows a previous post-conviction relief motion addressing the same conviction. *Strickland v. State*, 241 S.W.3d 456, 458 (Mo.App. 2007). Successive motions are barred even when the movant alleges that the grounds for his motion were unknown at the time of his original motion. *Id.*

Parker argues that his appeal here resulted from the recall of the mandate of a consolidated direct and post-conviction appeal. He reasons, therefore, that we should treat the circuit court's findings of fact and conclusions of law on the *Brady* violation as a post-conviction judgment from a re-opened Rule 29.15 motion. Even assuming, *arguendo*, that this appeal is from a re-opened Rule 29.15 motion, we lack jurisdiction to review points raised for the first time on appeal. *Warren v. State*, 2 S.W.3d 128, 131 (Mo.App.1999). A "'movant waives any claim for relief known to the movant that is not listed in the motion.'" *Id.* (quoting Rule 29.15(d)).

Regardless of the reasons that Parker did not previously raise this specific claim of counsel's ineffectiveness in *Parker I and II*, we cannot address an issue that the circuit court had no opportunity to consider and which Parker waived (by failing to raise) in his original post-conviction motion. Point II is denied.

### CONCLUSION

We affirm the judgment of the circuit court.

All Concur.