

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| LANE HOUSE CONSTRUCTION, INC., | ) | No. ED99897 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Patrick Clifford |
| DORIS OGROWSKY, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 8, 2014 |

Doris Ogrowsky ("Defendant") appeals from the circuit court of St. Louis County's entry of summary judgment in favor of Lane House Construction, Inc. ("Plaintiff") in the amount of $18,032.36. We reverse and remand.

## I.  BACKGROUND

In December 2010, Defendant retained Plaintiff to repair her leaky roof. The terms of their agreement were contained in a written contract. After Plaintiff repaired Defendant's roof, Plaintiff mailed an invoice to Defendant in the amount of $6,308. However, Defendant refused to pay due to her dissatisfaction with the repairs. Plaintiff filed an initial lawsuit ("Initial Lawsuit") against Defendant in St. Louis County. After numerous attempts at mediation, the Initial Lawsuit was finally set for trial. On the scheduled date for trial, the parties apparently agreed to a settlement, in which Defendant would pay Plaintiff $2,000. Unfortunately, the settlement never materialized and the trial

court eventually dismissed Plaintiff's Petition without prejudice for failure to prosecute on June 4, 2012.

Plaintiff filed a second lawsuit ("Second Lawsuit") on October 19, 2012. The petition filed in the Second Lawsuit was almost identical to that of the Initial Lawsuit, although it included a fifth count for "enforcement of settlement agreement." Defendant was personally served on November 9, 2012.

Thereafter, on December 3, 2012, Plaintiff propounded, via mail, its requests for admissions to Defendant. On January 24, 2013, Plaintiff filed its Motion for Summary Judgment and Suggestions in Support Thereof. Defendant filed her responses to Plaintiff's requests for admissions on March 29, 2013.

On April 3, 2013, the trial court granted Plaintiff's Motion for Summary Judgment on Count I of the Petition for breach of contract, and dismissed the remaining four counts as moot. In so granting Plaintiff's Motion for Summary Judgment, the trial court determined there existed no genuine issues of material fact because Defendant untimely responded to Plaintiff's requests for admissions, and, thus, pursuant to Rule 59.01(a), such requests for admissions were deemed admitted.

This appeal now follows.

## II. DISCUSSION

Defendant raises four points on appeal. In Points I and II, Defendant argues that the trial court erred in sustaining Plaintiff's Motion for Summary Judgment. Specifically, Defendant claims the trial court erred in: (1) sustaining Plaintiff's Motion for Summary Judgment because genuine issues of material fact existed, in that the trial court inappropriately relied upon Plaintiff's prematurely propounded requests for admissions

2

(Point I); and (2) sustaining Plaintiff's Motion for Summary Judgment in that genuine issues of material fact existed regarding the manifestation of a settlement (Point II).

In the last two points on appeal, Defendant contends the trial court abused its discretion in awarding Plaintiff attorney's fees (Point III), and awarding Plaintiff pre-judgment interest (Point IV).

This Court finds Point I dispositive of the appeal.

### *Standard of Review*

Appellate review of summary judgment is *de novo*. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria on appeal for testing the propriety of summary judgment are the same as the criteria applied by the trial court to test the propriety of summary judgment. Id. This Court reviews the record in the light most favorable to the party against whom summary judgment is entered and accords the non-movant "the benefit of all reasonable inferences from the record." Id. Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. E. Mo. Coal. of Police, Fraternal Order of Police, Lodge 15 v. City of Chesterfield, 386 S.W.3d 755, 759 (Mo. banc 2012); see also Rule 74.04(c)(6). "A 'genuine issue' that will prevent summary judgment exists where the record shows two plausible, but contradictory, accounts of the essential facts and the 'genuine issue' is real, not merely argumentative, imaginary, or frivolous." Daugherty v. City of Maryland Heights, 231 S.W.3d 814, 818 (Mo. banc 2007).

*Analysis*

In a civil case filed in Missouri, Rule 59.01 governs the procedure concerning requests for admissions. See, generally, Rule 59.01. Generally, with respect to the procedures (i.e., the time permitted for filing or responding to requests for admissions) afforded under Rule 59.01, our appellate courts have been called upon to interpret and apply Rule 59.01 in such circumstances when a party to a civil action fails to respond (or timely respond) to requests for admissions, and the consequences of said failure to respond. See, e.g., Lyon Fin. Serv., Inc. v. Harris Cab Co., Inc., 303 S.W.3d 589, 590-91 (Mo. App. E.D. 2010) (when neither a denial nor written objection is served to any of the admissions sought, all matters in the requests are deemed admitted); Dynamic Computer Solutions, Inc. v. Midwest Mktg. Ins. Agency, L.L.C., 91 S.W.3d 708, 712-716 (Mo. App. W.D. 2002). However, in the case at bar, this Court must take a step back, as the sole dispute centers on the effect of premature requests for admissions.

Pursuant to Rule 59.01, requests for admissions may be served, without leave of court, upon "[a] defendant or respondent upon the expiration of 30 days after the first event of the defendant entering an appearance or being served with process[1][.]" Rule 59.01(c)(2)(B). Here, Plaintiff does not contest the fact that it prematurely served its requests for admissions upon Defendant: (1) Defendant was served with process on November 9, 2012; and (2) Plaintiff mailed its requests for admissions to Defendant on December 3, 2012. Accordingly, Plaintiff propounded its requests for admissions upon

---

[1] "Being served with process" or "summoned" means "bringing the defendant into court so that the court acquires jurisdiction of his person." State ex rel. Ballew v. Hawkins, 361 S.W.2d 852, 857 (Mo. App. 1962); see also State ex rel. Ill. Farmers Ins. Co. v. Gallagher, 811 S.W.2d 353, 354 (Mo. banc 1991) ("A summons is a means by which a defendant is subjected to the jurisdiction and judgment of the court that has issued the process. It is also notice to a party of the proceeding and of the opportunity to appear and defend rights of life, liberty and property. The general rule is that unless a defendant is served with process, or summoned, in a manner and form authorized by statute, the court is without authority to proceed.").

Defendant 23 days after Defendant was served with process.[2]  This is in direct contradiction and in violation of the plain and unambiguous language of Rule 59.01(c)(2)(B).  State ex rel. Vee-Jay Contracting Co. v. Neill, 89 S.W.3d 470, 471-72 (Mo. banc 2002) ("Courts interpret Supreme Court Rules by applying principles similar to those used for state statutes . . . .  This Court's intent is determined by considering the plain and ordinary meaning of the words in the Rule.").

Defendant argues that Plaintiff's failure to abide by the dictates of Rule 59.01 nullifies Plaintiff's requests for admissions.  Defendant avers that Plaintiff's requests for admissions were void *ab initio*, and, therefore, Defendant was under no obligation to respond to said requests for admissions.   Defendant contends the trial court erred in entering summary judgment in favor of Plaintiff, in that the trial court's judgment was premised solely upon Defendant's untimely responses[3] to the request for admissions propounded by Plaintiff, pursuant to Rule 59.01(a).  See Rule 59.01(a) ("A failure to timely respond to requests for admissions in compliance with Rule 59.01 shall result in each matter being admitted.");  see also Rule 61.01(c).  Thus, the trial court entered summary judgment in favor of Plaintiff on the grounds that no genuine issues of material facts remained as Defendant failed to contest the requests for admissions.

Conversely, Plaintiff requests this Court to deem Plaintiff's requests for admissions to have been propounded on December 10, 2012—31 days after Defendant was served with process.  Accordingly, Plaintiff argues that Defendant's responses were

---

[2] In order to compensate for their premature requests for admissions, Plaintiff directs this Court's attention to Rule 44.01(e).  See Rule 44.01(e).  "It [Rule 44.01(e)] expressly provides that, when service is by mail, three additional days are to be added to the prescribed period."  Allison v. Tyson, 123 S.W.3d 196, 202 (Mo. App. W.D. 2003).  Assuming, *arguendo*, the three-day grace period prescribed by Rule 44.01(e) should apply to a plaintiff's request for admissions propounded to a defendant via mail, Plaintiff's requests for admissions were still premature.  Plaintiff's requests for admissions would be considered to have been served upon Defendant on December 6, 2012—26 days after Defendant was served with process.

[3] Defendant, ultimately, responded to the requests for admissions on March 29, 2013.

due by January 11, 2013, if this court were to read Rule 59.01(c)(2)(B) in *pari materia*

with Rule 59.01(d)(1)(B).  <u>See</u> Rule 59.01(d)(1)(B).[4]  Plaintiff attempts to persuade this

Court that by propounding its requests for admissions early, it generously granted

Defendant additional days to respond.  Thus, Plaintiff contends, the trial court's entry of

summary judgment was appropriate as Defendant failed to timely file her responses to the

requests for admissions.

While Plaintiff's argument is not entirely implausible, the plain, unambiguous,

and *simple* directive of Rule 59.01 controls.  <u>See</u> 27 C.J.S. Discovery § 169 ("A request

or demand for admissions may be made within the time provided by the controlling

statute or rule of practice.").  Under Missouri practice, a plaintiff may not seek requests

for admissions until **after** 30 days from the first event of the defendant entering an

appearance or being served with process.  Rule 59.01(c)(2)(B).[5]  Furthermore, because

Rule 59.01(c)(2)(B) is so plain, unambiguous, and simple, we hold that a plaintiff's

premature propounding of requests for admissions are deemed invalid—it is as if Plaintiff

never propounded requests for admissions.  Simply, all Plaintiff had to do was wait 30

days to issue its request for admissions.

---

[4] Pursuant to Rule 59.01(d), responses to requests for admissions are due within the following dictates:

> **(d) Response.**  The requests shall be answered by each party to whom they are directed.
>> (1) *When Response is Due*.  Responses shall be served within 30 days after the service of the requests for admissions.  A defendant or respondent, however, shall not be required to respond to requests for admissions before the expiration of 60 days after the earlier of the defendant:
>>> (A) Entering an appearance, or
>>> (B) Being served with process.
>> The court may allow a shorter or longer time.

[5] The discretion of the trial court to "allow a shorter or longer time" applies to the responses to requests for admissions.  The trial court only has discretion regarding the issuance of requests for admissions if the party asks for leave of a court.  <u>See</u> Rule 59.01(c)(2).  Plaintiff never requested leave of court to propound its requests for admissions early.

Additionally, nothing in Rule 59.01 can be read to permit the trial court to treat premature requests for admissions as being issued in accordance with the time parameters prescribed within Rule 59.01. Hanks v. Rees, 943 S.W.2d 1, 4 (Mo. App. S.D. 1997) ("In interpreting rules of civil procedure and statutes, a court should apply the plain and ordinary meaning of the rule as written."). If we require strict compliance with Rule 59.01 when responding to requests for admissions—as demonstrated by our prior decisions—then fairness would dictate we should require strict compliance with Rule 59.01 when a party issues requests for admissions.

This being a case of first impression in Missouri, it is instructive to examine cases from other jurisdictions. Under the Federal Rules of Civil Procedure, a party may not seek *any* discovery, including requests for admissions under Rule 36, until after the parties have conferred, pursuant to Rule 26(f). See Fed. R. Civ. P. 36; see also Fed. R. Civ. P. 26(f). In instances where a party sought requests for admissions prior to the Rule 26 conference, courts have held that the party receiving the premature requests for admissions was under no duty to respond to such requests. See, e.g., Joffrion v. Excel Maint. Servs., Inc., 2011 WL 6003196, *1 (M.D. La. Nov. 30, 2011) ("Since the discovery requests at issue in this motion were prematurely propounded, Miller was not required to timely respond to such requests."). Likewise, Missouri Supreme Court Rule 59.01 prohibits a party from seeking requests for admissions prior to 30 days after the first event of the defendant entering an appearance or being served with process. Accordingly, if a plaintiff prematurely propounds requests for admissions, a defendant is under no obligation to respond to those requests.

Point I is hereby granted.  Therefore, because we grant Point I, the trial court is deemed to have erred in entering summary judgment in favor of Plaintiff, in that the trial court did not have before it uncontroverted evidence as Plaintiff's requests for admissions were invalid.  There remain genuine issues of material fact.  Because we find error in the grant of summary judgment on Point I, we need not address the other allegations of error (Points II, III and IV), and this Court reverses the entire judgment of the trial court.

### III.  CONCLUSION

For the foregoing reasons, the trial court's judgment is reversed, and the cause is remanded.

_____
Roy L. Richter, Presiding Judge

Clifford H. Ahrens, J., concurs
Glenn A. Norton, J., concurs