

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| DALE M. WRIGHT, | ) | No. ED103814 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Robert S. Cohen |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: November 1, 2016 |

### *Introduction*

Dale Wright (Movant) appeals the judgment of the Circuit Court of St. Louis County denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing. On appeal, Movant argues that the motion court erred when it denied his Rule 29.15 motion because he pleaded facts, unrefuted by the record, that his counsel was ineffective for failing to object when the prosecutor called Movant a child molester during closing arguments. Finding no error, we affirm.

### *Factual Background*

On May 28, 2012, Movant hosted a barbecue at his home. Victim, the eleven-year-old daughter of Movant's cousin, attended the barbecue. After the barbecue, Victim spent the night at

---

[1] All references to Rules are to Missouri Supreme Court Rules (2015).

Movant's home because she thought that her cousin would also be staying the night. However, Victim's cousin left in the evening, leaving Victim alone with Movant and his girlfriend. Later in the evening, Movant and Victim watched a movie together in Movant's living room. Victim fell asleep during the movie, and awoke to Movant touching her vagina over her clothing. She flinched but otherwise laid still. Movant then tried to put his fingers up her shorts. Victim flinched again, and Movant stopped. Movant, realizing Victim was awake, asked if she wanted to see his "little boy" and asked her if she minded that he touched her. Victim replied that she wanted to go home, and Movant left the room.

Victim then found a phone and tried to call her father, but was unable to reach him. She called her father's girlfriend, Krystal. Victim told Krystal that she was hiding in Movant's home and that she was scared of Movant because he had touched her. Krystal was able to contact Victim's father, who then called the police. Police officers retrieved Victim from Movant's home, and Movant was later questioned by detectives and arrested.

In January 2014, a jury convicted Movant of first-degree child molestation and first-degree attempted statutory sodomy. The trial court sentenced Movant to two concurrent ten-year sentences. Movant appealed his conviction and sentence, which this Court affirmed by an order and memorandum in *State v. Wright,* 475 S.W.3d 702 (Mo. App. E.D. 2015). Before this Court issued its mandate, Movant prematurely filed his *pro se* Rule 29.15 motion for post-conviction relief. The motion court issued an order to hold the premature filing open pending the conclusion of the direct appeal. In June 2015, Movant's appointed counsel filed a timely amended motion for post-conviction relief. In November 2015, the motion court entered its findings of fact and conclusions of law, denying Movant's Rule 29.15 motion without an evidentiary hearing. This appeal follows. Movant's sole claim of error is that the motion court clearly erred when it

2

determined that Movant's trial counsel was not ineffective for failing to object when the prosecutor called Movant a child molester during closing arguments.

### *Standard of Review*

To be entitled to an evidentiary hearing on a post-conviction relief claim, a movant must: "(1) allege facts, not conclusions, that, if true, would warrant relief; (2) these facts must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *Barnett v. State,* 103 S.W.3d 765, 769 (Mo. banc 2003). An evidentiary hearing is not required if the record conclusively shows that the movant is not entitled to relief. *Id.* "When the requested evidentiary hearing involves a claim of ineffective assistance of counsel, the movant must allege unrefuted facts establishing that (1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and (2) he was thereby prejudiced." *Matthews v. State*, 175 S.W.3d 110, 113 (Mo. banc 2005).

Appellate review of decisions under Rule 29.15 is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). On review, the motion court's findings and conclusions are "presumptively correct." *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). We will conclude the motion court's findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that the motion court made a mistake. *Moore v. State,* 328 S.W.3d 700, 702 (Mo. banc 2010).

### *Discussion*

Movant argues that the motion court clearly erred when it denied his Rule 29.15 motion because he pleaded facts, unrefuted by the record, that his trial counsel was ineffective for failing to object when the prosecutor called Movant a child molester in closing argument. Respondent

contends that the motion court did not err because the evidence at trial supported the prosecutor's characterization of Movant as a child molester.

The remarks Movant complains of occurred during rebuttal closing argument when the prosecutor argued that, "[Movant] is a child molester, and he needs to be held accountable. Find him guilty and do what is right." The prosecutor had also argued during initial closing argument that, "I don't know how you would think to make up a comment like, do you want to see my little boy, unless you are exactly what the defendant is, a child molester."[2]

Movant, citing *State v. Boone,* asserts that "[g]enerally, it is improper [for the prosecution] to argue that the defendant is a child molester and therefore he must have molested these children." 869 S.W.2d 70, 76 (Mo. App. W.D. 1993). Movant argues that the evidence at trial did not demonstrate that Movant had a history pedophilia, and thus the prosecutor misled the jury into believing that Movant had a proclivity toward child molestation.

Respondent contends that the prosecutor's argument was proper because "[i]f one has molested a single child, one is a child molester." Respondent asserts that the prosecutor's description of Movant as a child molester was supported by the evidence presented at trial and did not indicate to the jury that Movant was guilty of prior offenses.

The Missouri Supreme Court decided a similar issue in *State v. Perry,* 275 S.W.3d 237 (Mo. banc 2009). In that case, the defendant was convicted of first-degree child molestation. During closing arguments, the prosecutor argued that, "This was a bad touch in the wrong spot. This was a touch done by a child molester." *Id.* at 246. On appeal, the defendant argued that the trial court should have interrupted the prosecutor during closing arguments and struck the

---

[2] In Movant's point on appeal, he does not claim that his trial counsel should have objected to the prosecutor's statements during initial closing argument.

prosecutor's statement that the defendant was a child molester from the record. Regarding the prosecutor's statements, the Court held that:

> [The defendant] was charged with child molestation, and the whole premise of the prosecution was that [the defendant]'s touch was done by a child molester for the purpose of sexual gratification. There was no error, *plain or otherwise,* in making this argument. The prosecutor is allowed to make arguments based on facts in evidence.

*Id.* (emphasis added).

In the present case, there is no indication in the record that the prosecutor based her argument that Movant was a child molester on any evidence that was not presented at trial. Respondent is correct in arguing that "one does not have to molest more than one child in order to be deemed a child molester." In describing Movant as a child molester, the prosecutor was not insinuating that she had knowledge, outside of the evidence at trial, that Movant had a history of pedophilia. The prosecutor's assertion that Movant was a child molester was supported by Victim's testimony at trial that Movant molested her. As in *Perry,* the prosecutor here did not commit error by calling Movant a child molester in closing arguments. Accordingly, Movant's trial counsel was not ineffective for failing to object to the prosecutor's description of Movant as a child molester. *Kohlheim v. State*, 482 S.W.3d 851, 858 (Mo. App. E.D. 2016) ("[C]ounsel will not be deemed ineffective for failing to make non-meritorious objections to the State's closing argument").

In sum, Movant failed to plead facts unrefuted by the record that would entitle him to post-conviction relief. Therefore, the motion court did not err in denying Movant's Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Point denied.

5

**Conclusion**

We affirm the judgment of the motion court denying Movant's Rule 29.15 motion without an evidentiary hearing.

_____
Philip M. Hess, Chief Judge

Gary M. Gaertner, Jr., J. and
Lisa P. Page, J. Concur.