

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| ANGELA L. BROWN, | ) | ED108001 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Perry County |
| v. | ) | 19PR-CC00014 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Benjamin F. Lewis |
| | ) | |
| Respondent. | ) | FILED: March 10, 2020 |

## OPINION

Angela Brown ("Brown") appeals from the motion court's order dismissing without prejudice her Rule 24.035[1] post-conviction motion to vacate, set aside, or correct the judgment and sentence. Brown argues the trial court clearly erred in dismissing her post-conviction motion because "premature" motions for post-conviction relief, such as hers, do not warrant dismissal—rather, they should be held in abeyance until such time as they mature. We affirm the motion court's order dismissing Brown's motion without prejudice.

## Background

---

[1] Mo. R. Crim. P. (2019). All further rule references are to the Missouri Rules of Criminal Procedure (2019), unless otherwise indicated.

The State charged Brown by information with one count of stealing a controlled substance, a class D felony, in violation of Section 570.030,[2] and one count of possession of a controlled substance in county jail, a class D felony, in violation of Section 221.111. Brown pleaded guilty to the stealing charge in exchange for the State entering a *nolle prosequi* on the possession charge. On February 1, 2019, the trial court suspended imposition of sentence and placed Brown on five years of supervised probation.

On February 13, 2019, Brown filed a pro se motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 24.035. The motion court *sua sponte* dismissed Brown's Rule 24.035 motion without prejudice. In its order of dismissal, the motion court reasoned that, because the trial court had suspended imposition of Brown's sentence, "there is no sentence which may be vacated, set aside or corrected." Brown, through her appointed counsel, filed a motion to vacate or amend the order of dismissal pursuant to Rules 75.01 and 78.07(d), which the motion court denied after a hearing. This appeal follows.

### Standard of Review

We review the dismissal of a Rule 24.035 post-conviction motion for whether the motion court's findings and conclusions were clearly erroneous. Mo. R. Crim. P. 24.035(k); *McKay v. State*, 520 S.W.3d 782, 785 (Mo. banc 2017). Clear error occurs when a review of the entire record leaves us with a "definite and firm impression" the motion court was mistaken. *Id.* We presume the motion court's ruling was correct. *Garris v. State*, 389 S.W.3d 648, 652 (Mo. banc 2012).

### Discussion

---

[2] All statutory references are to RSMo. 2016 (cum. supp. 2017), unless otherwise indicated.

In her sole point on appeal, Brown argues the motion court clearly erred in dismissing without prejudice the Rule 24.035 motion she filed following her guilty plea, for which she received a suspended imposition of sentence ("SIS"). Brown contends her motion should not have been dismissed and, rather, should have been held in abeyance because it was "premature." We disagree.

a. <u>A movant lacks standing to file a Rule 24.035 motion where no conviction is entered and imposition of sentence remains suspended</u>

Rule 24.035 provides an avenue for post-conviction relief from a felony conviction or sentence following a guilty plea. Mo. R. Crim. P. 24.035(a). Because an individual who has received an SIS has neither a conviction nor a sentence imposed—and may never have a conviction or a sentence imposed—she or he does not have standing to file for post-conviction relief pursuant to Rule 24.035.

To have standing to file a post-conviction motion pursuant to Rule 24.035, a movant must have a conviction entered and sentence imposed. Mo. R. 24.035(a); *Johnson v. State*, 833 S.W.2d 451, 452 (Mo. App. S.D. 1992) (stating "Rule 24.035(a) defines who is entitled to file a motion under that Rule"); *see also Ramsey v. State*, 98 S.W.3d 578, 579 (Mo. App. E.D. 2002) (discussing requirements listed in Rules 29.15 and 24.035 as "requirement[s] for standing to file the motion[s]"). The plain language of Rule 24.035 imposes this standing requirement by defining the nature of the remedy as for "[a] person *convicted* of a felony on a plea of guilty claiming that the *conviction or sentence imposed* violates the constitution and laws …." Mo. R. Crim. P. 24.035(a) (emphasis added). We must give effect to the intent of the Missouri Supreme Court as manifested by the plain language of the Rule. *State ex rel. Vee-Jay Contracting Co. v. Neill*, 89 S.W.3d 470, 472 (Mo. banc 2002) ("[t]his Court's intent is determined by considering the plain and ordinary meaning of the words in the Rule"); *cf. Lane House Const., Inc. v.*

*Ogrowsky*, 427 S.W.3d 882, 885–86 (Mo. App. E.D. 2014) (stating "the plain, unambiguous, and *simple* directive of Rule 59.01 controls" when deciding whether Rule allowed premature propounding of requests for admission).

Without a conviction entered or a sentence imposed, an individual has nothing to challenge by means of a post-conviction motion. *See Searcy v. State*, 103 S.W.3d 201, 204 (Mo. App. W.D. 2003) ("[t]o permissibly challenge a conviction or sentence with a Rule 24.035 post-conviction motion, a movant must be (1) convicted of a felony, and (2) delivered to the custody of the department of corrections for the same conviction being contested"); *McGowan v. State*, 949 S.W.2d 657, 658 (Mo. App. S.D. 1997) (same); *Johnson*, 833 S.W.2d at 452–53 ("the first sentence of Rule 24.035(a) indicates that, in order to seek Rule 24.035 relief, a person must (1) be convicted of a felony on a guilty plea, (2) be delivered to the custody of the department of corrections, and (3) claim the judgment or the sentence imposed to be unconstitutional or illegal") (internal quotations omitted).[3]

It is well settled under Missouri law that an SIS is neither a conviction nor a sentence. *Roe v. Replogle*, 408 S.W.3d 759, 762 n.2 (Mo. banc 2013) (confirming SIS is not considered "conviction" under Missouri law); *Hoskins v. State*, 329 S.W.3d 695, 698 n.3 (Mo. banc 2010) (contrasting suspended execution of sentence with SIS and stating SIS "defers the sentencing as well as the entry of a conviction on defendant's record"); *Yale v. City of Independence*, 846 S.W.2d 193, 195 (Mo. banc 1993) ("the term 'conviction,' standing alone, does not include a

---

[3] These cases interpreted the version of Rule 24.035 in effect prior to the revisions effective on January 1, 2018. The previous version of Rule 24.035—not applicable in the instant case—required the movant be "delivered to the custody of the department of corrections" to file a motion, in addition to being convicted of a felony after a guilty plea. Mo. R. Crim. P. 24.035(a) (2016); *see also McKay v. State*, 520 S.W.3d 782, 787 (Mo. banc 2017) (referencing the "Court's amendment of Rule 24.035, effective January 1, 2018, to delete the requirement the defendant be delivered to the department of corrections before the time for filing a Rule 24.035 motion begins to run"). Due to this additional "delivery" requirement in Rule 24.035 prior to 2018, cases interpreting the standing requirements of Rule 24.035 during this period include an additional requirement not present under the revised Rule 24.035.

plea or finding of guilt where imposition of sentence is suspended …"). Indeed, Brown correctly concedes she does not have a judgment of conviction and sentence to set aside. Because an SIS is not a conviction or sentence, an individual who has received an SIS after a guilty plea cannot file for relief pursuant to Rule 24.035.

Had the Missouri Supreme Court intended to allow an individual to file a Rule 24.035 motion after receiving an SIS, prior to entry of conviction or imposition of sentence, the Supreme Court would have written so in the Rule.[4] *Cf. Carr v. Sheriff of Clay Cty.*, 210 S.W.3d 414, 417 (Mo. App. W.D. 2006) (noting that, "if the legislature intended to enable persons who plead guilty to a crime and receive a suspended imposition of sentence to be granted a permit to acquire a concealable firearm, the legislature would not have included" the language "persons who have pled guilty to a specified class of crimes," which includes an SIS, in addition to the language "persons who have been convicted of a specified class of crimes"). Rule 24.035 contains none of the phrases recognized by the Missouri Supreme Court to include suspended impositions of sentence, such as "pleaded guilty to or had been found guilty of," "prior pleas of guilty, pleas of *nolo contendere* and findings of guilt," or "plea of guilty, finding of guilt, or disposition of suspended imposition of sentence." *See, e.g., Yale*, 846 S.W.2d at 195 (discussing language of three statutes amended to include SIS dispositions). Instead, Rule 24.035 expressly limits its remedy to "[a] person *convicted* of a felony on a plea of guilty claiming that the *conviction or sentence imposed* violates the constitution and laws …." Mo. R. Crim. P. 24.035(a) (emphasis added).

---

[4] Under Article V, Section 5 of the Missouri Constitution, the Supreme Court "may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law."

Therefore, under the plain language of the Rule, an individual who has received an SIS and does not have a conviction entered and sentence imposed—and who may never have a conviction entered and a sentence imposed—lacks standing to file a Rule 24.035 post-conviction motion until the time conviction is entered and sentence is imposed.[5]  Because Brown received an SIS and remains on probation, she has neither a conviction nor a sentence to challenge. Therefore, at this time, Brown does not have standing to file a post-conviction motion pursuant to Rule 24.035.

b. A Rule 24.035 motion filed where imposition of sentence is suspended is not "premature"

Brown's argument that her Rule 24.035 motion should be held in abeyance rather than dismissed without prejudice rests primarily on *McKay v. State*, 520 S.W.3d 782 (Mo. banc 2017).  In *McKay*, the Missouri Supreme Court clarified that "premature" post-conviction motions under Rules 29.15 and 24.035 are to be held in abeyance until such time as they mature, rather than be dismissed.  *Id.* at 784–87.  We agree with Brown's contention that premature post-conviction motions must be held in abeyance until the time they mature, as dictated by *McKay*. However, we disagree that Brown's motion should be considered "premature" under Rule 24.035; instead, as discussed above, she lacks standing to file the motion.

In *McKay v. State*, the Missouri Supreme Court held the trial court erred in dismissing as successive movant's Rule 29.15 post-conviction motion.  *Id.* at 788.  In so holding, the Court found that movant's initial Rule 29.15 motion was premature, because it was filed prior to a

---

[5] Instead of filing a post-conviction motion or direct appeal, courts have previously stated that an individual who has received a suspended imposition of sentence ("SIS") following a guilty plea may challenge her SIS by filing an extraordinary writ.  *See State v. Whipple*, 501 S.W.3d 506, 522 (Mo. App. E.D. 2016) (dismissing defendant's appeal and stating the remedy in the case of SIS is "by extraordinary writ"); *State v. Moore*, 352 S.W.3d 392, 398 (Mo. App. E.D. 2011) (same); *State v. Hotze*, 250 S.W.3d 745, 746-47 (Mo. App. E.D. 2008) (same); *State v. Palm*, 158 S.W.3d 861, 861 (Mo. App. E.D. 2005) (same); *State v. Mohammed*, 131 S.W.3d 848, 848 (Mo. App. E.D. 2004) (dismissing defendant's appeal and stating "[t]he appropriate remedy for seeking review of the denial of a motion to withdraw a guilty plea when the imposition of sentence is suspended is by a writ of mandamus").

6

determination on appeal whether the entire judgment of conviction would be affirmed, and therefore the premature initial motion could not provide the basis for dismissing a subsequent motion as successive. *Id.* at 785–88. The Court also directed that the motion court should have held the prematurely filed initial motion in abeyance until "the time for filing of the post-conviction motion arises." *Id.* at 787 (also extending this directive to Rule 24.035 post-conviction motions).[6]

In the context of *McKay*, the term "premature" refers to post-conviction motions filed prior to the issuance of a mandate by a court of appeals affirming a movant's entire judgment of conviction and sentence. The *McKay* court itself framed the question before it as "how to treat a post-conviction motion, like that filed by Mr. McKay, filed before the mandate issues affirming the entire judgment." *Id.* at 786. Throughout its decision, the *McKay* court repeatedly referenced the unique procedural posture of the case, in which the appellate court partially affirmed the judgment and partially remanded for further hearing and possible vacation of the entire judgment. *Id.* at 784–88. Even in this "unusual fact situation," the movant in *McKay* had been convicted of a felony and had a sentence imposed. *Id.* at 788, 784. In fact, the *McKay* court repeatedly reaffirmed that "Rule 29.15 and Rule 24.035 permit the filing of motions for post-conviction relief from *a judgment of conviction*," and that, "to file a motion for post-conviction relief, there must be *a final judgment subject to collateral attack*." *Id.* at 784 (emphasis added) (internal quotations omitted).

---

[6] In directing that all premature post-conviction motions be held in abeyance until they ripen, the *McKay* Court noted the inconsistent dispositions of Rule 29.15 motions, which were held in abeyance if premature, and Rule 24.035 motions, which were dismissed without prejudice if "premature" because the movant had not yet been delivered to the Missouri Department of Corrections. *McKay*, 520 S.W.3d at 786–87 ("[i]t is unclear why failure to meet one prerequisite to filing a post-conviction motion should be treated as merely rendering the motion premature, while the failure to fulfill another should require dismissal") (comparing *Nolan v. State*, 959 S.W.2d 939, 940 (Mo. App. E.D. 1998); *Wright v. State*, 501 S.W.3d 907, 908 (Mo. App. E.D. 2016), and *Woods v. State*, 53 S.W.3d 587, 588-89 (Mo. App. E.D. 2001) with *Ramsey v. State*, 98 S.W.3d 578, 579 (Mo. App. E.D. 2002) and *Roth v. State*, 921 S.W.2d 680, 681 (Mo. App. W.D. 1996)).

The current version of Rule 24.035 includes the word "premature" only two times. Rule 24.035 states, in pertinent parts,

> If the motion is filed prematurely, such motion shall be considered as filed immediately after the sentence is entered if no appeal is taken, including if no appeal is taken after any remand of the judgment or sentence following a prior appeal, or the date the mandate of the appellate court issues affirming the judgment or sentence,

Mo. R. Crim. P. 24.035(b), and

> If the pro se motion is filed prematurely, such motion shall be considered as filed immediately after the time to file an appeal has expired if no appeal is taken, including if no appeal is taken after any remand of the judgment or sentence following a prior appeal, or the date the mandate of the appellate court issues affirming the judgment or sentence.

Mo. R. Crim. P. 24.035(e). As such, the language of Rule 24.035 seemingly contemplates "premature" motions arising both in cases where an appeal is taken and in cases where no appeal is taken. From *McKay*, as discussed above, we understand the term "premature" as used in Rule 24.035 refers to a motion filed before the mandate issues affirming the entire judgment if an appeal is taken. No Missouri Supreme Court case has yet construed the language regarding "premature" motions filed where no direct appeal is taken, and we decline to do so here.[7]

However, we do hold that the term "premature" as used in Rule 24.035 does not apply to the unique situation of the instant case, in which the movant pleaded guilty and had a sentencing hearing but received an SIS and remains on probation, and therefore does not have a conviction or sentence to challenge.[8] An individual who has received an SIS has no final judgment subject

---

[7] We could envision the term "premature" applying to a motion filed after a guilty plea but before a sentencing hearing is held, provided the sentencing hearing is sufficiently imminent and a sentence is actually imposed at the hearing. However, the issue presented by the instant appeal does not require us to determine the precise bounds of the term "premature" as used in Rule 24.035.

[8] Indeed, we have found no case—and the parties have pointed to no case—where the term "premature" has been applied to a post-conviction motion filed prior to entry of conviction and imposition of sentence. The cases cited by Brown in support of her argument that her motion was "premature" all arose from the same procedural posture as *McKay*: a Rule 29.15 post-conviction motion filed prior to a mandate issuing from the appellate court after a direct appeal. *See Wright*, 501 S.W.3d at 908 (stating motion court issued order to hold Rule 29.15 motion open pending

8

to collateral attack by means of a post-conviction motion, because "[a] judgment in a criminal case becomes final when a sentence is imposed." *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 230 (Mo. banc 2017); *see also McKay*, 520 S.W.3d at 784 ("to file a motion for post-conviction relief, there must be a final judgment subject to collateral attack"). Such motion is not premature because the time for proper filing may never arise, in that entry of a conviction may never result. *See Hoskins*, 329 S.W.3d at 698 n.3 (stating an individual "on a suspended imposition of sentence who successfully completes probation does not have a criminal conviction on his record"); *State v. Bachman*, 675 S.W.2d 41, 45–46 (Mo. App. W.D. 1984) (explaining that, in the case of an SIS, "the court *may*, at the end of a prescribed period of probation or upon its order before the prescribed date, fully discharge the accused and no judgment of conviction is ever entered"). Therefore, the "premature" language of the revised Rule 24.035 does not encompass a motion filed after an SIS, where there is no current or imminent entry of conviction and imposition of sentence.

      c. <u>Proper disposition where movant lacks standing to file Rule 24.035 motion is dismissal without prejudice</u>

As discussed above, an individual who has received an SIS and is on probation does not have standing to file a post-conviction motion pursuant to Rule 24.035 because she has neither a conviction nor a sentence to challenge. Such motion is not "premature" under Rule 24.035. Therefore, in the event an individual without a conviction and sentence—in this case, someone who has received an SIS and who is currently on probation—files a Rule 24.035 motion despite

conclusion of direct appeal, where post-conviction motion filed before appellate court issued mandate affirming conviction and sentence); *Woods*, 53 S.W.3d at 588 (finding motion court erred in dismissing Rule 29.15 motion without prejudice where appellant filed motion while direct appeal was pending, stating "[p]remature filing of a motion for post-conviction relief is not, by itself, a ground for dismissal"); *Nolan*, 959 S.W.2d at 939–40 (same). In fact, these were the same cases relied upon in *McKay*. *McKay*, 520 S.W.3d at 786–87. Sound logic underscores the *McKay* rule requiring such premature post-conviction motions be held in abeyance rather than dismissed; however, the same logic does not apply where an individual files a motion for post-conviction relief where there is no present conviction and may never be a future conviction.

lacking standing to do so, the proper disposition of such motion is dismissal without prejudice. *See White v. State*, 978 S.W.2d 23, 24 (Mo. App. E.D. 1998) (affirming dismissal of Rule 24.035 motion where movant pleaded guilty to felony but received SIS with two years of probation, from which he was released, and therefore failed to meet express Rule requirements because he "was neither convicted of a felony nor delivered to the Missouri Department of Corrections"); *Johnson*, 833 S.W.2d at 452–53 (finding trial court did not err in dismissing Rule 24.035 motion, where movant lacked standing to file because movant failed to meet Rule 24.035(a) requirements to seek relief); *accord Singer v. Siedband*, 138 S.W.3d 750, 752 (Mo. App. E.D. 2004) ("[w]ithout standing, a court has no power to grant relief").

      d.  <u>Dismissals without prejudice do not trigger Rule 24.035's prohibition on successive motions</u>

Concluding the proper disposition of a Rule 24.035 motion where the movant lacks standing to file the motion is dismissal without prejudice, we write to clarify that such a dismissal does not trigger Rule 24.035's prohibition on successive motions.

Rule 24.035 contains an express prohibition on successive motions challenging the same conviction(s) or sentence(s). Mo. R. Crim. P. 24.035(l) ("[t]he circuit court shall not entertain successive motions"). In the post-conviction setting, "[a] motion is successive when it follows a previous post-conviction relief motion addressing the same conviction." *State v. Parker*, 274 S.W.3d 551, 555 (Mo. App. W.D. 2008). The purpose underlying this prohibition "is to ensure that a movant receives a single—but meaningful—opportunity for timely post-conviction relief." *McKay*, 520 S.W.3d at 785 (internal quotations omitted). As such, the prohibition on successive post-conviction motions is strictly enforced. *See, e.g.*, *Burston v. State*, 343 S.W.3d 691, 694 (Mo. App. E.D. 2011) (finding motion court did not clearly err in denying movant's second Rule 29.15 motion as successive, even where movant's first Rule 29.15 motion was dismissed without

10

prejudice); *Parker*, 274 S.W.3d at 555 (stating "[s]uccessive motions are barred even when movant alleges that the grounds for his motion were unknown at the time of his original motion"); *Smith v. State*, 887 S.W.2d 601, 603 (Mo. banc 1994) (holding motion court did not err in dismissing second Rule 29.15 motion as successive, even in capital case where first post-conviction motion not heard on merits due to counsel's failure to timely file).

"In light of this strict rule, it is vital a defendant not be led into filing a motion prematurely and thereby losing his entitlement to seek post-conviction review of still-pending claims …." *McKay*, 520 S.W.3d at 785. A pro se litigant should not be penalized for attempting to assert her rights. *Hopkins v. State*, 802 S.W.2d 956, 958 (Mo. App. W.D. 1991) ("[p]ost-conviction movants who attempt prompt filings of their motions should not be penalized"). Therefore, we admonish trial courts that a subsequent, properly filed Rule 24.035 motion should not be deemed successive based on a first motion filed prior to entry of conviction and imposition of sentence in the narrow circumstances presented here, of an individual given an SIS following a plea of guilty who files a Rule 24.035 motion while on probation.

As Brown did not have standing to file her Rule 24.035 post-conviction motion because she had no conviction entered and imposition of sentence was suspended, the motion court did not clearly err in dismissing the motion without prejudice.

Point I is denied.

Conclusion

The motion court's order is affirmed.

_____

Robin Ransom, J.

James M. Dowd, P.J., and
Gary M. Gaertner, Jr., J., concur.

11